■ In the Matter of KIMBERLY X., a Child Alleged to be Abused. CANDACE A. BLAKE, Appellant; EDITH X. et al., Respondents.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Nassau County (Joseph, J.), entered April 14, 1986, which, after a fact-finding hearing, dismissed the petition and vacated a temporary order of protection of the same court, entered February 13, 1986.

Ordered that the order is affirmed, without costs or disbursements.

The hearing on the issues of child abuse and neglect presented sharp issues of credibility for the hearing court to decide. The child in question, Kimberly X., first gave a statement that her mother's live-in paramour was sexually abusing her, but later retracted it. Although there was evidence that pressure was exerted on her to make the retraction, there was also evidence which supports the view that Kimberly fabricated the original statement and was telling the truth when she retracted it. As this matter turns almost entirely on

assessments of the credibility of witnesses, the factual findings of the hearing court must be accorded great weight, and we are disinclined to question its judgment on this issue and its disposition of the other issues before it *(see, Matter of Natasha A.,* 99 AD2d 533). On balance, the determination of the Family Court Judge, whose vantage point was best, should be upheld *(see, Matter of Irene O.,* 38 NY2d 776, 778). Thompson, J. P., Lawrence and Harwood, JJ., concur.

Weinstein, J., dissents and votes to reverse the order appealed from, reinstate the petition, and make a fact finding of abuse, and remit the matter to the Family Court, Nassau County, for further proceedings, in accordance with the following memorandum: A child abuse and neglect petition was filed against the subject child's mother and her mother's paramour on or about December 23, 1985. It was alleged by the petitioner, the Assistant Director of Children's Protective Services, that the respondents were neglecting and abusing Kimberly, who was then 15½ years of age, by inflicting mental and emotional punishment, and by failing to provide the child with proper care and nurture, by committing or allowing to be committed an act of sexual abuse against her, as well as other acts of a similarly serious nature.

In October 1985 Kimberly had made a written statement to a detective in the police sex crimes unit. The statement, which detailed the list of abuses to which she had allegedly been subjected at the hands of her mother's live-in paramour, was cosigned by Kimberly, her father, the detective and a caseworker from Children's Protective Services. The testimony adduced at the hearing conducted before the Family Court substantially corroborated the allegations of abuse contained in Kimberly's statements to the police, the school social worker and a Children's Protective Services caseworker. On numerous occasions, the respondent Gene Y., who was the mother's paramour, entered Kimberly's bedroom completely naked. Approximately 1½ years before the hearing, he began touching Kimberly by putting his hands inside her clothing and fondling her breasts and vaginal area. On one occasion when the respondent Gene Y. dropped Kimberly off at a school function, he said to her as she exited the vehicle: "you owe me one". On numerous occasions, the respondent Gene Y. brought sexually explicit magazines into Kimberly's room and told her to read them and learn. She was to return them to a drawer in her mother's room when she was through. The respondent Gene Y. was also in the habit of leaving the

bathroom door open while he showered so that Kimberly would have to observe him when she passed by.

Kimberly informed a school social worker that she was afraid to go home for fear that she would be alone with Gene Y. She had not previously reported these incidents since she was afraid of him. Kimberly revealed that the situation made her very uncomfortable and interfered with her ability to concentrate with the result that her school work suffered. She described her relationship with her mother as "not very good because we are always arguing". Kimberly also admitted having stolen money from Gene Y. representing the proceeds from his business.

Kimberly testified that her retraction of the statement which she originally made to the police was due to pressures at home from her mother and a desire to protect her natural father emanating from a threat by her mother that "he was gonna go to jail for something".

The respondent Gene Y. took the stand and denied the allegations contained in the petition and in Kimberly's complaint. He specifically denied any incident involving his touching of Kimberly. While he admitted having frequently entered her bedroom in order to get a hair dryer, he claims to have been clad in jeans or a towel on all occasions.

The detective to whom Kimberly made the retraction testified that Kimberly said that she made her allegations of abuse because of problems that she was experiencing at home, the breakup of her parents and the fact that she was seeking attention.

In essence, the record presents a close issue of credibility. While appellate courts are generally reluctant to impugn the judgment of the Family Court as to the credibility of parties before it (see, Matter of Natasha A., 99 AD2d 533), it is my view that the evidence in the instant case preponderates in favor of the petitioner such that the determination of the hearing court cannot be upheld.

It bears noting at this juncture that in a fact-finding hearing pursuant to Family Court Act article 10 to determine whether a child is abused or neglected, the statute requires that the finding of neglect or abuse be based on a preponderance of the evidence rather than clear and convincing evidence (Matter of Tammie Z., 66 NY2d 1; Matter of Latrice R., 93 AD2d 838, lv denied 59 NY2d 604). If abuse or neglect is not proven, the court must dismiss the petition (Family Ct Act § 1051 [c]) with the result for the child of the preservation of an uneasy status quo (see, Matter of Tammie Z., supra, at 4).

Significantly, the record in the instant case contains the testimony of the social worker at the high school which Kimberly attended, the caseworker at Children's Protective Services who interviewed Kimberly at school, and a detective as to Kimberly's statements to them, the substance of which was very similar to Kimberly's written statement which was signed by Kimberly, her father, the detective and the caseworker. Furthermore, the testimony of Kimberly at the fact-finding hearing was consistent with her prior statements to all of the aforementioned parties. In my view, the Family Court erroneously credited the testimony of the respondent Gene Y., who had a clear motive to lie, while disregarding Kimberly's testimony that her mother had put pressure on her to change her story. Significantly, the mother, who did not testify at the hearing, did not show any inclination whatsoever to have her daughter's allegations more fully investigated.

Under the circumstances, I conclude that the Family Court erred in failing to credit the testimony adduced by the petitioner. A case of abuse has been established by a preponderance of the evidence. Accordingly, I vote to reverse the order dismissing the petition and remit the matter to the Family Court, Nassau County, so that a finding of abuse could be entered and a determination made as to whether a preliminary order pursuant to Family Court Act § 1027 is required to protect the child's interests pending a final order of disposition (Family Ct Act § 1051 [d]).