■ In the Matter of AARON MM. and Others, Alleged to be Neglected Children. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH MM., Appellant.—Levine, J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered May 17, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

On September 14, 1987, respondent was driving on State Route 80 in the Town of Otsego, Otsego County, when she lost control of the vehicle, crossed into the oncoming lane and struck a car that was traveling in the opposite direction. At the time of the accident respondent was operating an uninspected automobile without wearing her seat belt and her two children, a one-year-old girl and a two-year-old boy, were not in their safety seats. Respondent sustained multiple leg fractures, a broken wrist and a broken rib; her son had a bruised elbow and the daughter had a fractured leg. The police officer at the scene contacted petitioner and the children were placed in foster care while respondent remained hospitalized.

Barbara Brennan, a caseworker for petitioner, was assigned to investigate the case. Brennan contacted respondent's mother, who expressed concern about respondent and the children. Respondent's mother told Brennan respondent was unable to pay all her bills and that she had paid respondent's rent for the month of September. According to Brennan, respondent's mother also expressed concern about the cleanliness of the home and respondent's ability to supply adequate food and clothing for the children. Two days after the accident Brennan inspected respondent's home and found it to be messy and unsanitary, particularly in the kitchen and bathroom area. Brennan described dirty dishes piled in the kitchen sink, dirty diapers and laundry all over the bathroom and strong odor of feces and garbage in the apartment. Following this investigation the children were placed in protective care pursuant to Family Court Act § 1024 (a) and a neglect petition was subsequently filed against respondent in Family Court.

Thereafter a hearing was held to determine the placement of the children pending the final disposition of the neglect proceeding (see, Family Ct Act § 1027) and the court issued a temporary order placing the children in the custody of petitioner. In December 1987, a fact-finding hearing was held which resulted in a determination that respondent's children were neglected. Following the dispositional hearing, Family Court ordered that the children remain in petitioner's custody

for an initial period of 18 months, but allowed the children to remain at home with respondent. This appeal by respondent ensued.

Respondent's sole contention on appeal is that Family Court's finding of neglect is not supported by a preponderance of the evidence. We disagree. The evidence presented at the fact-finding hearing, in particular the testimony of respondent and her mother, indicated that respondent was suffering from debilitating emotional problems at the time of the accident. Respondent had recently been released from jail in connection with a petit larceny charge and she was also experiencing financial difficulties. Respondent testified at the hearing that she was "very depressed" and feeling "overwhelmed with [her] problems" at that time. She admitted that she had allowed the condition of her apartment to deteriorate and, according to her mother's testimony, the uncleanliness had persisted for a number of weeks prior to the accident. Respondent also admitted that she had a couple of drinks on the day of the accident and that after getting out of jail she was drinking more than she normally did. Respondent further testified that, although she had been seeing a therapist, she was feeling so overwhelmed that she had not made arrangements to go for counseling since she had gotten out of jail. Concerning her failure to properly restrain the children in the car, respondent testified that the children's safety seats had broken the week before and that she intended to rent new ones the following week.

In our view, this evidence is sufficient to support an inference that respondent's emotional state was such that her ability to care for her two young children and to attend to many necessary tasks had become seriously impaired (see, Matter of Busch v Margaret B., 109 AD2d 837). Family Court's inference that the children were in imminent danger from respondent's immobilization caused by her depression is supported by the injuries they received in the accident as a result of respondent's procrastination for more than a week in obtaining proper safety restraints for the children. Accordingly, Family Court could properly conclude that respondent's impaired emotional state posed a sufficient risk to her children to support a finding of neglect.

Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.