■ In the Matter of RICHARD W., Alleged to be a Neglected Child. COMMISSIONER OF THE SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; YOZEFA W., Appellant. —Levine, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered June 20, 1990, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and temporarily removed the child from respondent's home.

Respondent is the biological mother of Richard W., born May 18, 1984. In January 1990, a neglect petition was filed in Family Court alleging, *inter alia,* that respondent was suffering from mental illness and was not properly caring for Richard and that the child, at age 5½, was still sleeping in a crib and was not yet toilet trained. Temporary orders of protection and supervision were granted directing respondent, *inter alia,* to permit a visiting nurse and petitioner's caseworkers to have access to the child and the home, cooperate in a program to toilet train the child, provide an age-appropriate bed, keep all medication away from the child and not remove the child from this State.

Petitioner filed a petition June 5, 1990 alleging that respondent had violated the prior orders by refusing to permit the visiting nurse and caseworkers to enter her home, allowing the child to have unsupervised access to medication and removing the child from the State. By consent of the parties, the petition was also treated as an application for a court order to remove the child from respondent's custody pending the final disposition of the neglect proceeding *(see,* Family Ct Act § 1027). A hearing on the application was held, following which Family Court granted the order. This appeal followed.

At the outset, we note that, heretofore, an appeal from a nonfinal order in a neglect (rather than abuse) case such as this could not be taken as of right *(see,* Family Ct Act former § 1112 [a]), and this matter would have been subject to dismissal *sua sponte.* However, the Legislature has recently amended the statute to provide for direct appeals from intermediate orders in neglect as well as in abuse cases, effective

April 6, 1991 *(see,* L 1991, ch 34; Family Ct Act § 1112 [a]). We apply the law as it exists today *(see, Matter of Asman v Ambach,* 64 NY2d 989, 990).

Turning to the merits, the only issue on appeal is whether petitioner's proof at the hearing established, by a preponderance of the evidence, the statutory criteria for such removal, i.e., that it was "necessary to avoid imminent risk to the child's life or health" (Family Ct Act § 1027 [b]). We think that the proof supported this conclusion. A visiting registered nurse with two years of training in pharmacology testified to having visited respondent's home on May 15, 1990 and ascertaining that Richard had been seen by a physician who issued a prescription on May 14, 1990 for an antibiotic to treat an ear infection. Upon examining the bottle containing the medicine, it appeared that at least 2½ times the aggregate prescribed doses had been expended during the period since the prescription was issued. Upon inquiring of respondent, she stated that Richard had the grippe and that the discrepancy between the medication expended and the prescribed dosages was due to her taking some of the drug to show the child that it tasted alright and because Richard had spilled some of it while giving it to himself. The visiting nurse painstakingly explained the proper dosage to respondent and that it should be administered by respondent, not the child. Despite this, upon visits on May 17 and 19, 1990, the same discrepancy was found to have continued, with the very same explanations from respondent. The result was that a 10-day prescribed dosage of the antibiotic was completely exhausted by the morning of the fifth day. Additionally, the child was observed in possession of the bottle containing the medicine and pretending to drink from it.

Thereafter, on May 21 and 22, 1990, the visiting nurse ascertained that, on May 19, 1990, Richard's physician had continued him on the medication and had ordered a refill of the prescription but that respondent had failed to administer any of the dosage because she thought the child was "fine" and did not need any more medicine. When the visiting nurse returned several days later to check on respondent's care of Richard's health, she was denied admittance.

The foregoing evidence, from the uncontradicted testimony of the visiting nurse and the reasonable inferences to be drawn therefrom, establishes that respondent was unable or unwilling to follow the prescribed dosage in administering antibiotic medication for her son's ear infection, or to prevent this six-year-old child from handling the medicine so as to

insure against his either consuming drastically more than a safe dosage or being significantly undermedicated because of spillage. Moreover, respondent took it upon her own responsibility to determine that Richard needed no further medication despite a physician's contrary instructions, and interfered with the efforts of professionals to monitor the child's condition.

The visiting nurse, whose qualifications were not contested, testified that an extreme overdosage of the antibiotic could produce a life-threatening reaction in a child. Conversely, she also opined that an ear infection such as Richard's, if untreated or improperly treated, could lead to such serious medical problems as meningitis. Thus, the record supports the conclusion that, because of respondent's intransigence or incompetence in meeting Richard's present and future health care needs, there was *imminent risk* to Richard's life or health, and this is sufficient to meet the statutory requirements for removal (Family Ct Act § 1027 [b]; *see, Matter of Aaron MM. [Deborah MM.],* 152 AD2d 817, 818). That, fortunately, no serious actual impairment of Richard's health apparently occurred on this occasion was clearly not attributable to the quality of respondent's care, nor does it obviate the risks to his health in the future if he was permitted to remain in respondent's custody.

Weiss, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.