■ In the Matter of N. AND G. CHILDREN, Alleged to be Abused. ALBERTO G., Appellant; COMMISSIONER OF SOCIAL SER-VICES, Respondent.—Order, Family Court, New York County (Sheldon M. Rand, J.), entered on or about October 20, 1989, which, *inter alia,* prohibited contact between respondent Alberto G. and three of the five children under his care for a period of 12 months, pursuant to a fact-finding determination by the same court, entered August 24, 1989 after a hearing, that respondent had sexually abused his stepdaughter, is unanimously affirmed, without costs.

Family Court did not err in applying a preponderance of the evidence standard of proof in finding respondent guilty of sexual abuse. Respondent's argument that a clear and convincing standard applies is based mainly on *Santosky v Kramer* (455 US 745), a case in which the parent stood to lose custody of his child permanently pursuant to article 6 of the Family Court Act. In *Matter of Tammie Z.* (66 NY2d 1), the Court of Appeals specifically held the preponderance standard, applicable to article 10 proceedings (Family Ct Act § 1046 [b] [i]), to be constitutional *(see also, Matter of Nicole V.,* 71 NY2d 112).

Nor did Family Court err in finding that the conversation between respondent and the priest was not privileged under CPLR 4505. Respondent did not seek out the priest for spiritual advice, but was responding to the latter's request to see him for the purpose of informing him of the allegations that had been made against him by his wife and stepdaughter, and to warn him that the authorities would be advised unless he quit his job at the day-care center. As the priest was clearly not acting or purporting to act as respondent's spiritual advisor, the communication was not privileged *(Matter of Keenan v Gigante,* 47 NY2d 160, *cert denied sub nom. Gigante v Lankler,* 444 US 887).

Respondent's stepdaughter's out-of-court statements to the priest and the caseworker were amply corroborated by other evidence tending to support their reliability (Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112, *supra).* The priest's account of respondent's admissions that he "did it"

only once and would not "do it" again, and that the incident happened because he and his stepdaughter both had a mutual need for comfort and consolation was in itself sufficient corroboration to sustain the charges.

The stepdaughter's recantation did not so undermine her credibility as to require dismissal of the proceeding. A child's recantation is a "common reaction among abused children" *(Matter of Tania J.,* 147 AD2d 252, 257; *but see, Matter of Kimberly X.,* 133 AD2d 226), and was particularly understandable here given the proof that the child was fearful of respondent, the circumstance that the recantation came within days after respondent's return from a trip, and the testimony that during the course of the trial respondent was overheard threatening the child. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.