■ In the Matter of LISA S., Respondent, v WILLIAM S., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Orange County (Slobod, J.), entered August 27, 1991, which, after a hearing, adhered to its prior determination finding that the appellant had sexually abused his daughter Lisa S.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's claim that the order appealed from was not a dispositional order, and thus is not appealable, is incorrect. Although in most instances an appeal may not be taken as of right from a nondispositional order of the Family Court, an appeal from a nonfinal order in an abuse case may be taken as of right (see, Family Ct Act § 1112 [a]; Matter of Peter R. v Denise R., 163 AD2d 558; Matter of Richard W., 174 AD2d 821).

The Family Court's finding of abuse is supported by a preponderance of the evidence adduced at the fact-finding hearing. In this matter, the petitioner presented the testimony of a validator who was qualified as an expert on child-sexual-abuse syndrome, which was to the effect that in an interview with Lisa, then 10 years old, Lisa told the validator that her father pulled her hair. Lisa indicated that her father touched the "inside" of her vagina with his finger. Moreover, a staff member of the Legal Aid Society testified that Lisa pointed to her vaginal area and then told her that her father touched her there. Furthermore, there was additional corroborative evidence offered through medical testimony that the child had a disruption at "three o'clock" and a generalized hymenal border thickening, which was consistent with digital penetration (see, Matter of Katrina W., 171 AD2d 250, appeal dismissed 79 NY2d 976, cert denied sub nom. Rosalyn W. v Suffolk County Dept. of Social Servs., — US —, 121 L Ed 2d 156). With respect to Lisa's recantation, we do not find it undermined the credibility of her initial account to such an extent as to require dismissal of the proceeding. "A child's recantation is a common reaction among abused children" (Matter of Beverly WW., 159 AD2d 802). Thus, we find that the petitioner proved by a preponderance of evidence that the child was abused.

The father asserts that the Law Guardian's representation

of Lisa S. presented a conflict of interest. Since the father did not raise this objection before Family Court, he failed to preserve the issue for appellate review (see, Matter of Matthew FF., 179 AD2d 928). In any event, the father's argument is without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.