■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of R. CHILDREN, Children Alleged to be Abused, Respondent, v WALESKA M. et al., Appellants. [600 NYS2d 464] —In a proceeding pursuant to Family Court Act article 10, Waleska M. and Michael R. separately appeal from an order of disposition of the Family Court, Kings County (Cozier, J.), dated October 5, 1990, which, upon a fact-finding order of the same court dated September 29, 1989, made after a hearing, finding that the appellants were guilty of all seven allegations as set forth in the amended petition dated April 20, 1988, adjudged that both appellants had sexually abused the children. The appeal brings up for review the fact-finding order dated September 29, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellants Michael R. and Waleska M. were single parents with two children each at the time of the incidents complained of. They met and began dating in March 1986 and their children were introduced to each other in October 1986. After that, Michael R. and his children frequently spent weekends with Waleska M. and her children in the M. family apartment in Queens. In September 1987 Michael R. voluntarily placed his children with a foster care agency on a limited-time basis. As part of his agreement with the agency, Michael R. had unlimited and unsupervised visitation with the children on alternate weekends. During the relevant time period, September 1987 to November 1987, Michael R. and his children spent three weekends at the M. apartment.

On November 2, 1987, the unsupervised weekend visitations were terminated after an employee of the foster care agency reported to the R. children's caseworker what she perceived as sexual abuse by Michael R. of his daughter. A subsequent interview of the child by the caseworker uncovered additional allegations of sexual abuse, and an investigation followed. The investigation resulted in the commencement of the instant proceeding alleging sexual abuse and neglect of all four children by both appellants. The abuse allegedly occurred from September to November 1987 during the R. family's weekend visits to the M. apartment. After protracted proceedings spanning three years, the Family Court sustained the allegations and removed the children from the appellants, placing them with the petitioner for a specified time period.

The appellants contend that the insufficiency of the record precludes meaningful appellate review of the issues. We find this argument baseless. This is not a case where the transcript of the proceedings is lost or woefully inadequate (see, People v Glass, 43 NY2d 283; People v Rivera, 39 NY2d 519; Matter of Ernest LL v Rosemary LL, 50 AD2d 706). Rather, the nearly 1,500-page transcript is intact and available for our review. In addition, most of the missing exhibits have been recovered, and those that have not are either irrelevant to the issues on appeal or are otherwise of minimal significance.

The appellants also contend that the charges against them are not supported by a preponderance of the evidence and, in any event, they cannot be held liable for the sexual abuse of all four children, since they are not "persons legally responsible" for the children of the other. The respondents are incorrect on both counts.

First, the Family Court Act defines an "abused child" as a

person less than 18 years of age whose parent or other person legally responsible for the child's care "commits, or allows to be committed, a sex offense against such child" (Family Ct Act § 1012 [e] [iii]). In addition, the Family Court Act provides that a " '[p]erson legally responsible' [for the child] includes the child's custodian, guardian [or] any other person responsible for the child's care at the relevant time" (Family Ct Act § 1012 [g]).

Further, a "[c]ustodian may include any person continually * * * in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]). The primary effect of the supplemental definition of the word "custodian" is to authorize child protective petitions against paramours *(see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 268; *see also, Matter of Joey T.,* 185 AD2d 851; *Matter of Faith AA.,* 139 AD2d 22; *cf., Matter of Faith GG.,* 179 AD2d 901).

In the present circumstances, each appellant was regularly in the household when the other appellant's children were present. Moreover, the record shows that each appellant was responsible on an ongoing basis for the care and management of the other's children. For these reasons, both appellants could be found liable for the sexual abuse of the other's children, as well as of their own children *(see,* Family Ct Act § 1046 [a] [i]), provided that, as here, a preponderance of the evidence supported the finding of sexual abuse *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 123 AD2d 97, *affd* 71 NY2d 112; *Matter of Tammie Z.,* 66 NY2d 1).

To satisfy the applicable "preponderance of the evidence" standard of proof, Family Court Act § 1046 (a) (vi) allows the child's prior out-of-court statements relating to the abuse or neglect to be introduced into evidence, provided that these hearsay statements are corroborated, so as to ensure their reliability *(see, Matter of Nicole V.,* 71 NY2d 112, 117-118, *supra).* The statute broadly provides that the child's out-of-court statements may be corroborated by "[a]ny other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision" (Family Ct Act § 1046 [a] [vi]; *see also, Matter of Linda K.,* 132 AD2d 149, 157-158). Moreover, the Family Court has considerable discretion in the first instance to determine if the child's statements have been reliably corroborated, and whether the record as a whole

supports a finding of abuse *(see, Matter of Christina F.,* 74 NY2d 532, 536).

The evidence in this case consisted of various forms of corroboration, all of which were considered by the Family Court when it correctly sustained the allegations of sexual abuse against the appellants. Specifically, corroboration of the children's sexual abuse included the detail and consistency of the children's own statements, the cross-corroboration of one child's statements by another child's independent statements, some of the children's behavioral symptoms of sexual abuse, and the opinion of an expert in child sexual abuse syndrome, *i.e.,* that sexual abuse of the most heinous and bizarre forms had indeed been committed against these children.

The appellants also contend that they were unduly prejudiced by the Family Court's ruling to admit the foster care agency's certified records of the R. children into evidence, as these records contained inadmissible hearsay. In fact, these records consisted of some medical and psychological evaluations of the children, as well as statements made by the children to their caseworkers and foster mothers. Because the latter were employees who were under a business duty to timely record and report all matters concerning the physical, mental, and emotional conditions of the children in their care to the foster care agency, we find that the court's decision to admit the records pursuant to Family Court Act § 1046 (a) (iv) was proper.

We further note that, although the court permitted the introduction of the children's entire case file into evidence, this case differs from *Matter of Leon RR* (48 NY2d 117) and its progeny, where a similar determination constituted error. *Leon RR* was a termination of parental rights proceeding brought pursuant to Social Services Law § 384-b, not pursuant to Family Court Act article 10, and the record was thus introduced under the business records exception to the hearsay rule as codified in CPLR 4518 (a). Moreover, in *Leon RR* the case record was replete with inadmissible hearsay from persons who had no business duty to report to the agency, unlike the foster mothers in the present case.

We have considered the appellants' remaining contentions, including all of their claims of erroneous evidentiary rulings made by the court, as well as the ineffective assistance of counsel claim, and find them lacking in merit. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.