■ In the Matter of KAREN F., a Child Alleged to be

Abused. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES F., Appellant. [617 NYS2d 217] —Yesawich Jr., J. Appeal from an order of the Family Court of Cortland County (Mullen, J.), entered May 3, 1993, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Following a fact-finding hearing, Family Court determined, on the basis of testimony elicited from the victim, another child eyewitness, a police officer and several social workers to whom the incident had been reported, that on March 20, 1992, respondent had abused his daughter, Karen, who was at the time 16 years old and of limited mental capacity. Respondent subsequently moved to vacate the fact-finding order on the grounds of newly discovered evidence, namely, an affidavit signed by Karen's 10-year-old brother, wherein he asserts that Karen admitted having lied on the witness stand. After hearing argument on the matter, Family Court denied the motion. By way of disposition, the court issued an order of protection directing respondent to refrain from any contact with Karen prior to her 18th birthday. Respondent appeals.

At the outset, we are unamenable to the Law Guardian's suggestion that this appeal should be dismissed as moot. Although the order entered was not explicitly denominated a dispositional order, it is apparent that Family Court intended it to serve as such *(see,* Family Ct Act § 1052 [a]; §·1056 [1]), and given that respondent's arguments are directed solely at the merits of the abuse adjudication itself, the appeal is not moot *(see, Matter of Latrice R. [James B.],* 93 AD2d 838, *lv denied* 59 NY2d 604).

With respect to the merits, we reject respondent's contention that the finding of abuse is unsupported by, or against the weight of, the evidence. To the contrary, Family Court's findings of fact are amply supported by the record, particularly by Karen's testimony and that of her friend, who witnessed the abuse. Minor discrepancies in the various reports of the incident, involving details such as which of two children's bedrooms the girls were in, whether Karen's blouse was completely removed or simply lifted to her neck, and the exact number of times respondent fondled her breasts, do not render the accounts wholly unworthy of belief. These variances were given due consideration by Family Court in assessing the girls' credibility *(see, People v Dunavin,* 173 AD2d 1032, 1033, *lv denied* 78 NY2d 965). We are disinclined to conclude that

Family Court, which had the advantage of observing the witnesses, erred as a matter of law in finding the pertinent portions of the testimony credible *(see, Matter of Nicole T. [Wayne U.],* 178 AD2d 849, 849-850).

And, while the affidavit from Karen's brother serves to cast some doubt upon her veracity *(see, Matter of Kimberly X. [Edith X.],* 133 AD2d 226, 226-227), the record demonstrates that Family Court considered the substance of the affidavit, and its source, before deciding not to reopen the hearing. It is enough to note that a later recantation by a child victim does not require reversal of a previously entered abuse finding *(see, Matter of Jessica G. [Walter J.],* 200 AD2d 906, 907; *Matter of Lisa S. v William S.,* 187 AD2d 435; Besharov, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1046, 1994 Pocket Part, at 158).

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.