■ In the Matter of AKIA KK. and Others, Children Alleged to be Abused and/or Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; JOHNNY MM., Appellant. [724 NYS2d 207] —Lahtinen, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 15, 2000, which·granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children for which respondent was legally responsible to be abused and/or neglected, and entered an order of protection.

Respondent is the boyfriend of the mother of Akia KK. (born in 1992), Aishah LL. (born in 1990), Gina KK. (born in 1988) and Alasha KK. (born in 1981). Although he is not the father of any of the children, he resided with the children and their mother in "the functional equivalent of a family environment" (*Matter of Amanda LL.*, 195 AD2d 708, 709) at several addresses in Sullivan County for several years prior to December 1998.

In December 1998, petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that respondent abused and neglected Gina and Alasha and neglected Akia and Aishah, resulting in a temporary order of protection (Family Ct Act § 1029) prohibiting him from any type of contact with the children. The children were temporarily removed from their mother's care and subsequently returned to her in January 1999, except Alasha who was placed in the custody of another person.

On November 8, 1999, after a fact-finding hearing spanning four nonconsecutive days, Family Court issued a written decision and order finding that respondent sexually abused Alasha and Gina by committing acts against them constituting sexual abuse in the third degree (Penal Law § 130.55) and sodomy in the first degree (Penal Law § 130.50), and thereby derivatively neglected Akia and Aishah. After a dispositional hearing, Family Court issued an order which, *inter alia*, included an order of protection prohibiting respondent from having any contact with the children until the youngest turned 18. Respondent now appeals, arguing that Family Court's finding that he sexually abused Alasha and Gina was not supported by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b]; *Matter of Philip M.*, 82 NY2d 238, 243; *Matter of Tammie Z.*, 66 NY2d 1, 3). We disagree and therefore affirm.

The majority of the proof against respondent involved out-of-court statements of a child pertaining to the abuse requiring corroboration (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117), which has been defined as "[a]ny

other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Christina F.*, 74 NY2d 532, 536; *see, also, Matter of Alena D.*, 125 AD2d 753, 754, *lv denied* 69 NY2d 605). We note that Family Court has considerable discretion in determining whether such out-of-court statements have been sufficiently corroborated (*see, Matter of Ashley M.*, 235 AD2d 858), and whether the record supports a finding of abuse (*see, Matter of Nicole V., supra*, at 119).

Alasha's sworn testimony that respondent got on top of her, patted her on the buttocks and tried to kiss her on the mouth corroborated her detailed out-of-court statements (*see, Matter of Christina F., supra*, at 535), including her account of these incidents to the court-appointed mental health evaluator and petitioner's child protective caseworker who both testified accordingly. While respondent challenged Alasha's credibility by the testimony of Alasha's grandmother, who testified that Alasha made false allegations of sexual abuse against a cousin several years before, and the testimony of other witnesses who made it clear that Alasha felt animosity towards respondent, this created a credibility issue which Family Court resolved in Alasha's favor, and Family Court's credibility determination is entitled to great weight (*see, Matter of Karen BB.*, 216 AD2d 754, 756; *Matter of Guy UU.*, 200 AD2d 852). The record provides sufficient corroboration of Alasha's out-of-court statements to support Family Court's finding that Alasha was sexually abused by respondent (*see, Matter of Christina F., supra*).

Gina did not testify. However, her out-of-court statement of respondent's sexual abuse of her by holding her down on top of him was corroborated by testimony from Alasha who witnessed the incident. Her statement that respondent touched her naked buttocks was corroborated by her sister Aishah's out-of-court statement to the child protective caseworker that she witnessed this incident. Additionally, Alasha testified that Gina told her about respondent's tongue to vagina contact with Gina after Gina finished bathing, the same incident related by Gina to the mental health evaluator and child protective caseworker. While repetition of out-of-court statements is not corroboration of a prior account of that incident (*see, Matter of Zachariah VV.*, 262 AD2d 719, 720, *lv denied* 94 NY2d 756), cross statements of children witnessing the abuse or suffering abuse are sufficient corroboration of out-of-court statements to establish abuse or neglect (*see, Matter of Nicole V., supra*, at 124; *Matter of Tabatha WW.*, 260 AD2d 669, 670, *lv denied* 93 NY2d 815).

Respondent's proof that Gina recanted her accusations prior to the fact-finding hearing and Gina and Aishah's later recantations of their statements claiming that they made the accusations because of pressure from Alasha and that they were afraid of her, created a credibility issue for resolution by Family Court. The circumstances surrounding Gina's earlier recantation, including her fear of being separated from her mother and sent to foster care and being struck by her mother when she told her about some of the allegations, were properly considered by Family Court in accepting Gina's earlier out-of-court statements (*see, Matter of Karen BB., supra,* at 756) since the recanting of abuse allegations does not render an initial statement incredible as a matter of law (*see, Matter of Shawn P.,* 266 AD2d 907, 908, *lv denied* 94 NY2d 760; *Matter of Lakeesha R.,* 229 AD2d 965; *Matter of N. & G. Children,* 176 AD2d 504, 505). We further note that the recantations of Gina and Aisha made after the court's fact-finding determination do not require reversal (*see, Matter of Karen F.,* 208 AD2d 994, 996). Accordingly, Family Court's finding that respondent sexually abused Gina will not be disturbed.

Finally, we reject respondent's argument that Family Court's finding that he derivatively neglected Akia and Aishah must be overturned. Since respondent based his argument on the premise that petitioner failed to prove the underlying allegations of sexual abuse of Alasha and Gina by a fair preponderance of the evidence, which findings we have upheld, this claim is without merit. Additionally, while we are aware that evidence of sexual abuse of one child by itself may not establish a case of derivative neglect of others (*see, Matter of Amanda LL.,* 195 AD2d 708, 709, *supra*), we find the nature of the abuse in this case demonstrates an " 'impaired level of parental judgment as to create a substantial risk of harm' " (*Matter of Tiffany AA.,* 268 AD2d 818, 819-820, quoting *Matter of Vincent M.,* 193 AD2d 398, 404) and that respondent's understanding of parental duties was "fundamentally flawed" (*Matter of Nathaniel TT.,* 265 AD2d 611, 614, *lv denied* 94 NY2d 757), providing a sound and substantial basis for Family Court's finding that respondent derivatively neglected Akia and Aishah.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.