OPINION OF THE COURT
Lee H. Elkins, J.
In a proceeding to commit custody and guardianship of the subject children to an authorized agency for purposes of adoption by a kinship foster parent, the petitioner, Jewish Child Care Association, seeks to introduce into evidence the case record of the agency. The record consists of case notes made by the petitioner’s caseworkers relating to the efforts made to engage the respondents in services to facilitate the discharge of their children to them from foster care. The case note entries provided to the court cover the period from September 28, 1999 to an event date of February 23, 2001, a period of 17 months. In addition, the petitioner moves into evidence a packet of correspondence to each parent, and a uniform case review (UCR) dated January 22, 2001. Respondents, mother and father of the subject children, raise a number of objections to the evidence.
First, respondents object that statements of the kinship foster mother to the caseworker, recorded in the progress notes and UCR, are inadmissible under the business records exception (CPLR 4518 [a]; Matter of Leon RR., 48 NY2d 117 [1979]) to the hearsay rule. Respondents argue that the foster parent has no duty to report the information to the agency. These objections are overruled in part and granted in part, according to the attached orders. The foster parent is an employee of the agency. (Matter of Department of Social Servs. [R. Children] v Waleska M., 195 AD2d 507, 510 [2d Dept 1993].) By state regulation, a certified and approved foster parent must execute an agreement with the authorized agency that granted the certificate or letter of approval to operate the foster family boarding home. Among the terms of agreement required by the state are that the foster parent will “endeavor to cooperate with the agency staff in the implementation or review of each child’s service or discharge plan and to inform the agency of any incident or event that affects or may affect the child’s adjustment, health, safety or well-being and/or may have some bearing upon the current service plan.” (18 NYCRR 443.3 [b] [10] *179 [emphasis added].) As such, the foster parent has a business duty to report to the agency all matters concerning the physical, mental, and emotional condition of the children in her care. (Matter of Department of Social Servs. [R. Children], supra.)
The foster parent’s duty relates to the care of the children. In this court’s opinion, this duty extends to reporting to the agency any contact or lack of contact between the children and their parents in the foster parent’s home. Such contact has a direct effect upon the emotional well-being of the children. In this case, the court issued an order permitting the parents to visit in the kinship foster home, under supervision of the foster mother. The foster parent had a duty, as the agent of the petitioner, to monitor such contacts. The foster parent’s duty included making a timely record of such contacts. Case note entries reflecting the foster mother’s report of the parents’ visits or failure to visit the children in the foster home are admissible under the business records exception to the hearsay rule.
The state regulations also impose on the foster parent a duty to cooperate with the agency in implementing the service plan, and to inform the agency of events and incidents which “may have some bearing upon the current service plan.” (18 NYCRR 443.3 [b] [10].) This provision must be read in context of the foster parent’s general duty to provide adequately for the children’s physical and emotional care. Her duty does not extend to performing services for the agency in regard to planning with the parent, communicating with the parent, or encouraging or assessing the parent’s efforts to plan. In this case, the petitioner seeks to introduce the foster mother’s statements about providing copies of correspondence to the parents, encouraging the parents to attend agency visits or casework meetings, and the foster parent’s opinion assessing the parents’ interest in caring for the children or willingness to plan with the agency, and her report of the parents’ statements about their ability or inability to care for their children. The entries reflect matters beyond the scope of the foster parent’s role to provide for the children’s needs, or to report incidents or events in the foster home that may have some bearing upon the service plan. While the foster parent may have an opinion about the parents’ ability to care for their children, such an assessment is not within her competence. Moreover, while the parents may have made statements to the kinship foster parent about their intentions or limitations, it was not her *180 responsibility to elicit such statements or to report them to the agency. A parent’s communication with the foster parent is no substitute for communication with the agency caseworker. So too, a foster parent’s dialogue with the parents is not a substitute for the agency caseworker engaging with the parents to plan for the future of the children. Consequently, the statements the foster parent made to the caseworker either repeating the parents’ statements in regard to planning for the children, or expressing the foster parent’s own assessment of the parents’ ability to plan, are inadmissible hearsay.
Nonetheless, the caseworker’s entries in the case record regarding efforts made to contact the parents through the kinship foster parent are admissible as relevant to the agency’s efforts to communicate with the parents, which is part of the diligent efforts requirement imposed upon the agency by statute. Moreover, this ruling is based strictly on the foundational requirement for business records. The court has not ruled upon the admissibility of the foster parent’s testimony in this regard.
The petitioner must also lay a foundation for the information contained in the UCR. The petitioner must establish the source of the information contained in the UCR, so that the court can be assured that the information was obtained from a person with firsthand knowledge or from another source, each of whom had a business duty to report. (See, e.g., Matter of Leon RR., supra.) In addition, petitioner must prove that the UCR entries were made according to practices of the agency which ensure their reliability.