■ In the Matter of KAREN PATRICIA G., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CARLOS G., Respondent. (Proceeding No. 1.) In the Matter of KEVIN M., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CARLOS G., Respondent. (Proceeding No. 2.) In the Matter of CARLOS JAVIER G., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CARLOS G., Respondent. (Proceeding No. 3.) [843 NYS2d 360]—

In related child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from three orders of the Family Court, Suffolk County (Freundlich, J.), all entered November 2, 2006 (one as to each child), which, after a hearing, dismissed the petitions alleging that the respondent father, Carlos G., severely abused and neglected the child Karen Patricia G., and derivatively abused and neglected her brother Kevin M., and her stepbrother Carlos Javier G.

Ordered that the order dismissing the petition relating to Karen Patricia G. is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, Karen Patricia G. is found to be abused and neglected by the respondent father, and the matter is remitted to the Family Court, Suffolk County, for a dispositional hearing; and it is further,

Ordered that the order dismissing the petition relating to Carlos Javier G. is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a further fact-finding hearing in accordance herewith; and it is further,

Ordered that the order dismissing the petition relating to Kevin M. is affirmed, without costs or disbursements.

A petition was filed relating to Karen Patricia G., who was then eight years old, based on her statement that she had been subjected to sexual contact by the respondent. Karen did not testify at the fact-finding hearing, but her previous statement containing the allegations of sexual contact was introduced through the Special Victims Unit detective who took her statement. Testimony as to the circumstances of the making of the statement was also provided by an investigator with Child Protective Services. The child's statement alleged that the respondent subjected her to intimate sexual contact on August 7, 2006, including removing her underpants and placing his tongue in contact with her vagina. The statement alleged similar and additional contact had occurred on a number of occasions over the course of the preceding three years.

The petitioner presented the testimony of an expert witness, qualified as an expert in the field of child sexual abuse, who had examined Karen on or about August 24, 2006. In addition to examining the child, the expert reviewed the report of a physical examination of Karen by a sexual abuse nurse examiner (hereinafter SANE) that had been conducted on August 8, 2006. The SANE examination had noted the presence of redness on an interior portion of the child's vagina. The child sexual abuse expert testified the redness was evidence of trauma to the tissues, that it was the result of something rubbing against or touching the tissue with some force, and that the trauma was consistent with the allegations made by the child.

The respondent did not testify at the hearing. Testimony as to the contentious nature of the respondent's relationship with Karen's mother, including her asserted noncompliance with all the provisions of a visitation order, was adduced through the testimony of the respondent's wife. The parties acknowledged that a forensic examination of the child's underpants did not disclose any evidence.

The Family Court dismissed the petitions notwithstanding the allegations in Karen's statement, the medical evidence, and the negative inference that could be drawn from the respondent not testifying. The Family Court indicated that, under the circumstances of this case, a determination of the credibility of the child's allegations, sufficient to prove abuse by a preponderance of the evidence, could not be made without at least an in camera interview of Karen by the court.

We disagree. Contrary to the determination of the Family Court, a determination can be made from the hearing record as

to the credibility of the assertion of abuse, notwithstanding the contentious relationship between the child's mother and father.

The Legislature has specifically provided that the testimony of a child at the hearing shall not be necessary to make a fact finding of abuse or neglect (*see* Family Ct Act § 1046 [a] [vi]). Karen's previous statement about the abuse was corroborated by the results of the SANE examination and the testimony of the expert in the field of child sexual abuse. The allegations in Karen's statement, the medical evidence and expert testimony, together with a negative inference drawn from the respondent's failure to testify (*see Matter of Christopher L.*, 19 AD3d 597 [2005]; *Matter of Joseph C.*, 297 AD2d 673 [2002]), were sufficient to establish, by a preponderance of the evidence, the respondent's abuse and neglect of Karen. That evidence demonstrated that the respondent abused and neglected Karen by subjecting her to contact between his mouth and her vagina (*see* Family Ct Act § 1012 [e] [iii]; Penal Law § 130.00 [2] [a]; § 130.45).

As the Family Court did not make a finding of abuse with regard to Karen, no substantive consideration was given to whether the respondent abused or neglected Carlos Javier G. Carlos Javier is the respondent's two-year-old son who resides with the respondent and his wife, Carlos Javier's mother. Accordingly, the petition alleging the abuse and neglect of Carlos Javier is reinstated and the matter is remitted to the Family Court, Suffolk County, for a further fact-finding hearing to consider the derivative evidence provided by the finding of abuse and neglect of Karen (*see* Family Ct Act § 1046 [a] [i]).

The hearing testimony established that, contrary to the assertion in the petition, the respondent is not and never was the stepfather of Kevin M., who was 17 years old at the time of the hearing. The respondent has no contact with Kevin and is not in any way legally responsible for him. The dismissal of the abuse and neglect petition relating to Kevin was appropriate. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.