■ In the Matter of TAJANI B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TALISHA S., Appellant. (Proceeding No. 1.) In the Matter of TALIQ B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TALISHA S., Appellant. (Proceeding No. 2.) In the Matter of TELIS S., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TALISHA S., Appellant. (Proceeding No. 3.) [854 NYS2d 518]—

In a child protective proceeding, the party seeking to establish neglect must show, "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Dimitriy R.*, 39 AD3d 866 [2007]; Family Ct Act § 1012 [f]).

The petitioner proved by a preponderance of the evidence that the subject children were neglected by the mother (*see* Family Ct Act § 1046 [b] [i]). Here, the evidence presented at the hearing was sufficient to prove that the mother left a loaded gun on a bed accessible to her then three-year-old son and next to her then five-month-old daughter who was in a crib, thereby creating an imminent danger that their physical, mental, and emotional health would be harmed (*see Matter of Aminat O.*, 20 AD3d 480, 481 [2005]).

Additionally, the Family Court providently exercised its discretion in drawing a negative inference against the mother upon her failure to testify at the hearing (*see Matter of Karen Patricia G.*, 44 AD3d 658, 660 [2007]; *Matter of Christopher L.*, 19 AD3d 597, 598 [2005]).

Contrary to the mother's contention, the Family Court did not err in failing to appoint new counsel to represent her (*see Matter of Moore v McClenos*, 259 AD2d 752, 753 [1999]; *Matter of Mooney v Mooney*, 243 AD2d 840, 841 [1997]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.