In the Matter of AMONI P. and Others, Infants. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARRYL P., Appellant. [875 NYS2d 405]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered July 20, 2007 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, found that respondent had neglected Tameika P.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and the petition is dismissed in its entirety.

Memorandum: Petitioner commenced this proceeding alleging, inter alia, that respondent father neglected one of his children. " 'To support a finding of neglect petitioner must prove both parental misconduct and harm or potential harm to a child' by a preponderance of the evidence" (*Matter of Kenneth V.* [appeal No. 2], 307 AD2d 767, 768 [2003]). Although petitioner established that the father's behavior fell below a minimum standard of care and reasonableness with respect to that child, we agree with the father and the Law Guardian that Family Court erred in determining that petitioner established by a preponderance of the evidence that the father's behavior placed the child's physical, mental or emotional well-being in imminent danger of becoming impaired (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Tajani B.*, 49 AD3d 876 [2008], *lv denied* 11 NY3d 703 [2008]). The evidence presented at the hearing established that the child resided with suitable relatives while outside of the home and continued to attend school, and there is no evidence that the father prevented the child's return to the home. Moreover, there is no evidence that the child was out of the home for a signifi-

cant period of time. We therefore reverse the order insofar as appealed from and dismiss the petition in its entirety. Present— Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.