■ In the Matter of TRISTAN R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LUIS R. et al., Respondents. (Proceeding No. 1.) In the Matter of SARAH R., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LUIS R. et al., Respondents. (Proceeding No. 2.) In the Matter of JOSEPH G., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LUIS R. et al., Respondents. (Proceeding No. 3.) [883 NYS2d 229]—

In three related abuse and neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from a dispositional order of the Family Court, Kings County (Freeman, J.), dated June 20, 2008, which, upon a fact-finding order of the same court, also dated June 20, 2008, made after a hearing, dismissed the petitions. The notice of appeal from the fact-finding order dated June 20, 2008, is deemed a notice of appeal from the dispositional order (*see* CPLR 5512 [a]). The appeal brings up for review the fact-finding order dated June 20, 2008.

Ordered that the dispositional order is reversed, on the law and the facts, without costs or disbursements, the fact-finding order is vacated, the petitions are granted, findings are made that the respondent Luis R. abused and neglected the children Sarah R. and Joseph G., that the respondent Lillian G. neglected the children Sarah R. and Joseph G., and that the respondents derivatively neglected the child Tristan R., the matter is remitted to the Family Court, Kings County, for a dispositional hearing in accordance herewith, and the temporary order of protection dated June 19, 2008, is continued pending that hearing.

In a fact-finding hearing conducted pursuant to Family Court Act article 10, "any determination that the child is an abused or neglected child must be based on a preponderance of evidence" (Family Ct Act § 1046 [b] [i]). To satisfy the "preponderance of the evidence" standard, "Family Court Act § 1046 (a) (vi) allows the child's prior out-of-court statements relating to the abuse or neglect to be introduced into evidence, provided that these hearsay statements are corroborated, so as to ensure their reliability" (*Matter of Department of Social Servs. v Waleska M.*, 195 AD2d 507, 509 [1993] [citation omitted]). Family Court Act § 1046 "broadly provides that the child's out-of-court statements may be corroborated by '[a]ny other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision' " (*id.* [citations omitted]).

"It is well established that the out-of-court statements of siblings may properly be used to cross-corroborate one another" (*Matter of Latisha W.*, 221 AD2d 645, 645 [1995]). Here, the evidence presented at the hearing established that in 2002 then

8-year-old Sarah R. and 10-year-old Joseph G. made independent, consistent, detailed, and explicit out-of-court statements to several individuals describing similar incidents of sexual abuse by the father (*id.*). Further corroboration of the children's out-of-court statements included medical evidence (*see* Family Ct Act § 1046 [a] [i], [ii], [iv]; *Matter of Karen Patricia G.,* 44 AD3d 658, 660 [2007]; *Matter of Tyson G.,* 144 AD2d 673, 674 [1988]; *Matter of Kimberly K.,* 123 AD2d 865 [1986]; *see also Matter of Dora F.,* 239 AD2d 228, 230 [1997]), and the records and testimony of an expert in child sexual abuse (*see Matter of Nicole V.,* 71 NY2d 112, 121-122 [1987]; *Matter of Lamarr P.,* 237 AD2d 609, 610 [1997]; *Matter of Victoria KK.,* 233 AD2d 801, 803 [1996]).

Although the children vaguely recanted their statements both out-of-court and in court, "[a] child's recantation of allegations of abuse does not necessarily require [the] Family Court to accept the later statements as true because it is accepted that such a reaction is common among abused children" (*Matter of Kayla N.,* 41 AD3d 920, 922 [2007] [citations omitted]; *see Matter of Akia KK.,* 282 AD2d 839, 841 [2001]; *Matter of Lisa S. v William S.,* 187 AD2d 435 [1992]; *see generally Matter of Allison B.,* 41 AD3d 842, 843 [2007]; *Matter of Shavar B.,* 7 AD3d 619, 620 [2004]). Rather, "recantation of a party's initial statement simply creates a credibility issue which the trial court must resolve" (*Matter of Kayla N.,* 41 AD3d at 922 [citation omitted]).

Here, the Family Court found Sarah R.'s vague and often incredible testimony unhelpful in determining whether her initial statements or recantations were the truth, but found that Joseph G. credibly testified. While the Family Court's finding in that regard generally is entitled to deference, this Court is free to make its own credibility assessments (*see Matter of Samuel D.-C.,* 40 AD3d 853 [2007]). We find both Sarah R.'s and Joseph G.'s testimony recanting their earlier statements to be largely incredible (*see Matter of Caitlyn U.,* 46 AD3d 1144, 1146-1147 [2007]) and that their respective vague recantations did not undermine the credibility of their initial accounts to such an extent as to require dismissal of the proceedings (*see Matter of Lisa S. v William S.,* 187 AD2d at 435), particularly in light of evidence suggesting various reasons why they may have untruthfully recanted (*see Matter of Caitlyn U.,* 46 AD3d at 1146-1147; *Matter of Kayla N.,* 41 AD3d at 922-923; *Matter of Akia KK.,* 282 AD2d at 841). Furthermore, the detailed and explicit nature of each child's description of the father's sexual conduct, each of which was consistent with the other, enhances

the reliability of their respective out-of-court statements (*see Matter of Yorimar K.-M.,* 309 AD2d 1148, 1149 [2003]).

While the Family Court has considerable discretion in the first instance to determine if a child's out-of-court statements have been reliably corroborated, and whether the record as a whole supports a finding of abuse and/or neglect (*see Matter of Department of Social Servs. v Waleska M.,* 195 AD2d at 509-510), here, viewing the credible evidence as a whole, together with the negative inference that the Family Court should have drawn based on the father's unexplained failure to return to court as scheduled for cross-examination (*see generally Matter of Rosy S.,* 54 AD3d 377, 378 [2008]), we find it sufficient to establish, by a preponderance of the evidence, that the father abused and neglected Sarah R. and Joseph G. (*see* Family Ct Act § 1012 [e] [iii]; [f] [i] [B]; *Matter of Karen Patricia G.,* 44 AD3d at 660; *Matter of Department of Social Servs. v Waleska M.,* 195 AD2d at 510; *see also Matter of Caitlyn U.,* 46 AD3d at 1147-1148; *Matter of Kayla N.,* 41 AD3d at 922-923; *Matter of Akia KK.,* 282 AD2d at 841; *Matter of Lisa S. v William S.,* 187 AD2d at 435). Moreover, a preponderance of the evidence supports a finding that the mother neglected Sarah R. and Joseph G. (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Latisha W.,* 221 AD2d at 645; *Matter of Tania J.,* 147 AD2d 252, 257-260 [1989]). Finally, we find that the proof of abuse and neglect by the respondents of Sarah R. and Joseph G. was sufficient to establish that the respondents derivatively neglected the children's sibling, Tristan R. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Kristina R.,* 21 AD3d 560, 562 [2005]; *Matter of Peter R.,* 8 AD3d 576, 580 [2004]; *Matter of Sharonda S.,* 301 AD2d 532, 533 [2003]; *Matter of Dutchess County Dept. of Social Servs. v Douglas E.,* 191 AD2d 694 [1993]). Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.