In related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding of the Family Court, Westchester County (Malone, J.), entered January 28, 2013, as, after a fact-finding hearing, found that he abused and neglected the child Alexis S. and derivatively neglected the children Mariah S. and Mekhai S.
Ordered that the order of fact-finding is affirmed insofar as appealed from, without costs or disbursements.
A child’s prior out-of-court statements may provide the basis for a finding of abuse, “provided that these hearsay statements are corroborated, so as to ensure their reliability” (Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 744 [2012] [internal quotation marks omitted]; see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 123 [1987]; Matter of Nicole *867 G. [Louis G.], 105 AD3d 956 [2013]; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520 [2012]). “Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration” (Family Ct Act § 1046 [a] [vi]). Validation testimony from an expert that the child’s psychological and behavioral characteristics lead the expert to conclude that the child was sexually abused may supply the corroboration of the child’s out-of-court statements necessary to make out a prima facie case of sexual abuse (see Matter of Nicole V., 71 NY2d at 121; Matter of Linda K., 132 AD2d 149, 159-160 [1987]). However, as with any expert opinion, the validation testimony must meet a threshold of reliability (see Matter of Iyonte G. [Charles J.R.], 82 AD3d 765, 767 [2011]; Matter of Nassau County Dept. of Social Servs. v Denise S., 173 AD2d 830, 830-831 [1991]). “The Family Court has considerable discretion in deciding whether a child’s out-of-court statements alleging incidents of abuse have been reliably corroborated” (Matter of Nicole G. [Louis G.], 105 AD3d at 956; see Matter of Nicole V., 71 NY2d at 119; Matter of Jada K.E. [Richard D.E.], 96 AD3d at 744; Matter of Tristan R., 63 AD3d 1075, 1077 [2009]). The Family Court’s credibility findings must be accorded considerable deference on appeal (see Matter of Nicole G. [Louis G.], 105 AD3d at 956; Matter of Jada K.E. [Richard D.E.], 96 AD3d at 745; Matter of Jeshaun R. [Ean R.], 85 AD3d 798 [2011]).
Contrary to the father’s contention, the record supports the Family Court’s determination that the testimony of the petitioner’s child sexual abuse expert sufficiently corroborated Alexis S.’s out-of-court disclosures so as to establish a prima facie case of sexual abuse against the father (see Matter of Nicole V., 71 NY2d at 119; Matter of Tristan R., 63 AD3d at 1077; cf. Matter of Nicole G. [Louis G.], 105 AD3d at 957).
Rivera, J.E, Balkin, Hinds-Radix and Maltese, JJ., concur.