Matter of Chorney v New York State Off. of Children & Family Servs. (2018 NY Slip Op 00063)





Matter of Chorney v New York State Off. of Children & Family Servs.


2018 NY Slip Op 00063


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Gische, J.P., Webber, Oing, Singh, Moulton, JJ.


5241 101123/15

[*1]In re Michael Chorney, Petitioner, 
v
New York State Office of Children and Family Services, et al., Respondents.


Law Office of Elliot S. Schlissel, Lynbrook (Andrea E. Miller of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York (Mark H. Shawhan of counsel), for respondents.



Determination, after a hearing, of respondent New York State Office of Children and Family Services, dated February 23, 2015, which sustained an indicated report of child maltreatment against petitioner Michael Chorney, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alexander W. Hunter, J.], entered January 12, 2016) dismissed, without costs.
The determination is supported by substantial evidence
(see Matter of Parker v Carrion, 90 AD3d 512 [1st Dept 2011]; Matter of Irving v Carrion, 120 AD3d 500, 500 [2d Dept 2014]).
Respondent met its burden of proving maltreatment by petitioner by a preponderance of the evidence. The out-of-court statements of then 3 ½-year-old child, T.W., that petitioner kicked him during a toilet-training session, were corroborated so as to ensure reliability and to allow admission into evidence (see Family Court Act § 1046[a][vi]; Matter of Tristan R., 63 AD3d 1075 [2d Dept 2009]; Matter of Department of Social Servs. v Waleska M., 195 AD2d 507 [2d Dept 1993], lv denied 82 NY2d 660 [1993]; Matter of Nicole V., 71 NY2d 112, 116 [1987]). The level of corroboration required under the Family Court Act is not the same as that required under the Penal Law. "Family Court Act § 1046 broadly provides that the child's prior out of court statements may be corroborated by [a]ny other evidence tending to support reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision" (Tristan R., 63 AD3d at 1076 [internal quotation marks omitted]). T.W. made repeated and consistent statements that petitioner kicked him in the penis. These statements were corroborated by notations in the hospital records, made shortly after the incident, indicating that T.W. sustained mild penile swelling, significant swelling to head of the penis, ecchymosis to both thighs and left scrotum. The records also stated that the examining physician reported that the injuries were consistent with an impact.
The ALJ also properly considered T.W.'s consistent, unrecanted description of the incident, as well as T.W.'s lack of a motive to fabricate, as contrasted by petitioner's inconsistent and waffling accounts of the incident.
Substantial evidence also supported the determination that petitioner's maltreatment of T.W. was relevant and reasonably related to petitioner's employment as a special education teacher (see Social Services Law § 422[8][c][ii]).
For the first time in this proceeding, petitioner argues that the ALJ's decision was erroneous because petitioner was not a "person legally responsible" for T.W. under Social Services Law § 412 and, therefore, could not have maltreated T.W. under Social Services Law § 422. Petitioner's argument is unpreserved, and we decline to review it (Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]); Matter of Khan v New York State Dept. of Health, 96 [*2]NY2d 879 [2001]).
Accordingly, we find that respondent's prosecution of petitioner was proper, as was the determination of maltreatment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK