■ In the Matter of Tyson G. Constance Bennett, Respondent; Thomas G., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Nassau County (Capilli, J.), entered March 30, 1987, which, after a hearing, determined (1) that Tyson G. was an abused child within the meaning of Family Court Act § 1012 (e) (iii) in that the father committed a sex offense against him as defined by Penal Law § 130.65 (3) and (2) that Tyson G. was neglected by the father within the meaning of Family Court Act § 1012 (f), based upon the alleged abuse of the child.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the child's out-of-court statements made to his mother, grandmother and a police detective that his father had sexually abused him were sufficiently corroborated to support the Family Court's finding of abuse (see, Family Ct Act § 1046 [a] [vi]). The child related the incident of abuse to the court in an in camera interview (see, Matter of Erin G., 139 AD2d 737; Matter of Fawn S., 123 AD2d 871), his mother testified that he experienced frequent nightmares and exhibited other behavioral changes immediately following the incident (see Matter of Nicole V., 123 AD2d 97, affd 71 NY2d 112), and a psychiatrist who examined the child, his mother and his father testified that the father suffers from a major psychiatric disturbance, and exhibited idiosyncratic sexual preferences including a foot fetish perversion and that it was "highly possible" that the father sexually abused his son (see, Family Ct Act § 1046 [a] [viii]; Matter of Nicole V., supra; Matter of Linda K., 132 AD2d 149). Furthermore, the petitioner presented hospital records which indicated an irritation around the child's anus the day after the incident (see, Family Ct Act § 1046 [a] [iv]; Matter of Kimberly K., 123 AD2d 865) and the father made an admission to the child's grandmother two days after the incident (see, Matter of Margaret W., 83 AD2d 557, lv denied 54 NY2d 609).

Upon this record we conclude that the Family Court's finding of abuse was supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b]; Matter of Tammie Z., 66 NY2d 1).

We have examined the father's remaining contentions and find them to be without merit. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.