■ In the Matter of CANDACE S., a Child Alleged to be Abused and Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DERRICK S., Appellant. (Proceeding No. 1.) In the Matter of CEDRIC S., a Child Alleged to be Abused and Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DERRICK S., Appellant. (Proceeding No. 2.) In the Matter of DYLEN S., a Child Alleged to be Abused and Neglected. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DERRICK S., Appellant. (Proceeding No. 3.) In the Matter of LETITIA S., Respondent, v DERRICK S., Appellant. (Proceedings No. 4 and 5.) [832 NYS2d 612]—

In related proceedings pursuant to Family Court Act articles 6, 8 and 10, the father appeals from (1) an amended decision of the Family Court, Dutchess County (Forman, J.), dated August 16, 2005, made after a hearing, (2) an order of fact-finding and disposition of the same court entered October 7, 2005, which, upon the amended decision and after a dispositional hearing, inter alia, found that the father had sexually abused and neglected the child Candace S., and derivatively abused and neglected the children Cedric S. and Dylen S., and found that the additional elements of severe abuse (*see* Social Services Law § 384-b [8] [a]) were proven and that the children were severely abused children, and awarded custody of the children to the mother and placed the father under the supervision of the Dutchess County Department of Social Services for a period of up to 12 months effective September 6, 2005, requiring him to

comply with certain terms and conditions, and (3) an order of protection of the same court also dated October 7, 2005, which directed the father, inter alia, to stay at least 500 feet away from the children to remain in effect until January 12, 2009, with respect to the children Candace S. and Cedric S., and until August 17, 2019, with respect to the child Dylen S.

Ordered that the appeal from the amended decision dated August 16, 2005 is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order of fact-finding and disposition entered October 7, 2005 is modified, on the law and the facts, by deleting the provision thereof finding that the additional elements of severe abuse were proven and that the children were severely abused children; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is modified, on the law, by deleting the provisions thereof directing that the order of protection remain in effect until January 12, 2009, with respect to the children Candace S. and Cedric S., and until August 17, 2019, with respect to the child Dylen S., and substituting therefor a provision directing that the order of protection remain in effect until October 7, 2006; as so modified, the order of protection is affirmed, without costs or disbursements.

The determination by the Family Court that the appellant father had sexually abused his daughter Candace S. is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]). Where, as here, the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Sylvia J.*, 23 AD3d 560, 562 [2005]; *Matter of Cassandra C.*, 300 AD2d 303, 304 [2002]). Moreover, in article 10 cases, the Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (*Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Department of Social Servs. v Warren D.*, 195 AD2d 460, 461 [1993]). Here, where Candace's out-of-court statements were partially corroborated by the out-of-court statements of her brother Cedric (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V., supra*; *Matter of Department of Social Servs. v Waleska M.*, 195 AD2d 507, 510 [1993]), and validated by the court-qualified expert in

psychiatry who treated Candace during her hospitalizations (*see Matter of Commissioner of Social Servs. of City of N.Y. v Edyth W.*, 210 AD2d 328, 328 [1994]; *Matter of Nassau County Dept. of Social Servs. v Steven K.*, 176 AD2d 326, 327 [1991]; *Matter of Linda K.*, 132 AD2d 149, 157 [1987]), Candace's statements were sufficiently corroborated to support the finding of sexual abuse.

In addition to its finding of abuse and neglect as to all three children, the Family Court made a further finding that the children were severely abused, as defined in Social Services Law § 384-b (8) (a). "Because such a finding is admissible, and often central, in a subsequent proceeding to terminate parental rights (*see* Family Ct Act § 1051 [e]; Social Services Law § 384-b [4] [e]), it must be based on clear and convincing evidence (*see* Family Ct Act § 1051 [e]), and must include, inter alia, a finding that 'the agency has made diligent efforts to encourage and strengthen the parental relationship, including efforts to rehabilitate the [parent], when such efforts will not be detrimental to the best interests of the child, and such efforts have been unsuccessful and are unlikely to be successful in the foreseeable future' " (*Matter of Latifah C.*, 34 AD3d 798, 800 [2006], quoting Social Services Law § 384-b [8] [a] [iv]). As no proof of such "diligent efforts" was tendered by the agency here, the Family Court's additional finding of severe abuse cannot stand.

The appellant is correct that, under the plain language of Family Court Act § 1056 (1) and (4), it is only where the person is not a relative, "by blood or marriage," that the duration of an order of protection may extend to the child's 18th birthday (*see Matter of Collin H.*, 28 AD3d 806, 809-810 [2006]). Since the appellant is the children's biological father, the court was not authorized to extend the order of protection beyond the duration of the order of disposition, one year in this case (*see* Family Ct Act § 1056 [1]; *Matter of Sheena D.*, 8 NY3d 136 [2007]). Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.