■ In the Matter of JESHAUN R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; EAN R., Respondent. (Proceeding No. 1.) In the Matter of KAYLA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; EAN R., Respondent. (Proceeding No. 2.) [925 NYS2d 533]—

In two related child protective proceedings pursuant to Fam-

ily Court Act article 10, the Administration for Children's Services appeals from an amended order of the Family Court, Kings County (Beckoff, J.), dated December 20, 2010, which, after a fact-finding hearing, dismissed the petitions alleging that the respondent father, Ean R., abused the child Jeshaun R., and derivatively abused the child Kayla R.

Ordered that the amended order is affirmed, without costs or disbursements.

The Administration for Children's Services (hereinafter ACS) failed to establish by a preponderance of the evidence that the child Jeshaun R. was abused by the father (*see* Family Ct Act § 1046 [b] [i]). A child's out-of-court statements may form the basis for a finding of abuse if they are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]; *Matter of Frank F.*, 12 AD3d 601 [2004]; *Matter of Khadryah H.*, 295 AD2d 607 [2002]). There is a threshold of reliability that the evidence must meet (*see Matter of Iyonte G. [Charles J.R.]*, 82 AD3d 765 [2011]; *Matter of Danielle L.*, 307 AD2d 294 [2003]).

A child's out-of-court statements regarding abuse can be corroborated by a sibling's out-of-court statements in which he or she described similar incidents of abuse (*see Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Joshua B.*, 28 AD3d 759 [2006]; *Matter of Latisha W.*, 221 AD2d 645 [1995]). The reliability of statements made by siblings can be weighed by comparing them (*see Matter of Nicole V.*, 71 NY2d at 124).

The Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated (*id.* at 119; *see Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Candace S.*, 38 AD3d 786 [2007]; *Matter of Commissioner of Social Servs. v Lorenzo M.*, 239 AD2d 498 [1997]). Where, as here, the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded great weight on appeal (*see Matter of Candace S.*, 38 AD3d 786 [2007]; *Matter of Sylvia J.*, 23 AD3d 560 [2005]).

Here, the record as a whole does not support a finding of abuse. Jeshaun R.'s out-of-court statements were insufficiently corroborated by other evidence tending to support the reliability of her statements. The statements of Kayla R., Jeshaun R.'s sister, were insufficiently reliable to corroborate Jeshaun's statements. The statements of the subject children did not consistently and independently describe the alleged sexual acts in detail (*see Matter of Nicole V.*, 71 NY2d at 124; *Matter of Tristan*

*R.*, 63 AD3d 1075 [2009]; *Matter of Kelly F.*, 206 AD2d 227 [1994]). Kayla did not independently provide any detail as to any particular incident of abuse (*see Matter of Peter G.*, 6 AD3d 201 [2004]).

Besides the out-of-court statements of Kayla, there is no evidence tending to corroborate Jeshaun's out-of-court statements. Jeshaun's medical records do not corroborate her out-of-court statements, particularly her statements that her father had had sexual intercourse with her (*cf. Matter of Nicole V.*, 71 NY2d at 120; *Matter of Frank F.*, 12 AD3d 601 [2004]; *Matter of Katrina W.*, 171 AD2d 250, 255 [1991], *cert denied sub nom. Roslyn W. v Suffolk County Dept. of Social Servs.*, 506 US 876 [1992]; *Matter of Tyson G.*, 144 AD2d 673 [1988]).

Furthermore, contrary to ACS's contention, the father's testimony did not contain an admission or statement against interest (*cf. Matter of Nicole V.*, 71 NY2d 112 [1987]; *Matter of Dave D. [Jean D.]*, 71 AD3d 673 [2010]; *Matter of Tyson G.*, 144 AD2d 673 [1988]; *Matter of Margaret W.*, 83 AD2d 557 [1981]). An intent to gratify sexual desire on the part of the father cannot be inferred from the totality of the circumstances here (*see* Penal Law § 130.00 [3]; *Matter of Jelani B.*, 54 AD3d 1032 [2008]; *Matter of Clifton B.*, 271 AD2d 285 [2000]; *Matter of A.G.*, 253 AD2d 318, 326 [1999] ["When the challenged conduct is the touching of a child by a parent, the consideration of whether the contact was for sexual gratification must take into account the nature and circumstances of the act, since the same conduct which constitutes an act of sexual abuse by a stranger could be a mere expression of affection on the part of a parent"]).

Because the allegations of abuse were not established by a preponderance of the evidence, the Family Court did not err in dismissing the petitions. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.