■ In the Matter of ADREANNA M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KETY M., Appellant. (Proceeding No. 1.) In the Matter of ADIL A. WESTCHESTER

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KETY M., Appellant. (Proceeding No. 2.) In the Matter of AMVIANCE A. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KETY M., Appellant. (Proceeding No. 3.) In the Matter of ANTWONE M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KETY M., Appellant. (Proceeding No. 4.) [945 NYS2d 154]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Westchester County (Colangelo, J.), dated March 23, 2011, which, after a hearing, found that she had violated the terms of an order of fact-finding and disposition and an order of protection, both dated March 24, 2009, by inflicting corporal punishment upon one of the subject children.

Ordered that the fact-finding order dated March 23, 2011, is affirmed, without costs or disbursements.

The Family Court properly found that the mother violated an order of fact-finding and disposition and an order of protection, both dated March 24, 2009, by inflicting corporal punishment upon one of the subject children. Although the Westchester County Department of Social Services relied upon hearsay evidence, i.e., the testimony of the father of the subject child Adil A. and a caseworker with respect to the child's out-of-court statements, "[a] child's out-of-court statements may form the basis for a finding of abuse [or neglect] if they are sufficiently corroborated by other evidence tending to support the reliability of the child's statements" (*Matter of Jeshaun R. [Ean R.],* 85 AD3d 798, 799 [2011]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112, 123 [1987]; *Matter of Frank F.,* 12 AD3d 601 [2004]). The child's out-of-court statements that the mother twisted his ear were sufficiently corroborated by the photographs introduced into evidence at the hearing and the personal observations of the father and the caseworker of the child's injuries, as well as the out-of-court statements by two of the child's siblings regarding similar incidents (*see Matter of Alex R. [Maria R.],* 81 AD3d 463 [2011]; *Matter of Dylan TT. [Kenneth UU.],* 75 AD3d 783 [2010]; *Matter of Tristan R.,* 63 AD3d 1075, 1076, 1077 [2009]; *Matter of Rachel H.,* 60 AD3d 1060 [2009]). The findings of the Family Court on the issue of credibility are entitled to considerable deference and we find no reason to disturb its determination of the factual issues (*see Matter of Jeshaun R. [Ean R.],* 85 AD3d at 799; *Matter of Candace S.,* 38 AD3d 786 [2007]; *Matter of Sylvia J.,* 23 AD3d 560 [2005]).

The mother's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.