In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Richmond County (Wolff, J.), dated December 9, 2011, as, after a hearing, found that she had neglected the child Anasia S. and derivatively neglected the children Amerriah S. and Amir S., and the father separately appeals, as limited by his brief, from so much of the same fact-finding order as, after a hearing, found that he had neglected the child Anasia S. and derivatively neglected the children Amerriah S. and Amir S.
Ordered that the fact-finding order is affirmed, without costs or disbursements.
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter ofKassandra V [Sylvia L.], 90 AD3d 940, 941 [2011]). Here, contrary to the contentions of the mother and father of the subject children, the Family Court’s finding of neglect against the father based *1007 on his use of excessive corporal punishment is supported by a preponderance of the evidence. The evidence presented at the fact-finding hearing established that the father hit the child Anasia S., then five years old, several times with his hand, causing scratches and bruises to her face. The child’s out-of-court statements that the father slapped her 10 times in the face were sufficiently corroborated by the personal observations of the detective and caseworker, who both described the child’s injuries. Further, they were corroborated by the mother’s out-of-court statements that the child had told her that the father had struck her and the father’s out-of-court admission that he had hit the child (see Family Ct Act § 1046 [a] [vi]; Matter of Yanni D. [Hope JJ, 95 AD3d 1313 [2012]; Matter of Adreanna M. [Kety MJ, 95 AD3d 1213 [2012]; Matter ofDelehia J. [Tameka JJ, 93 AD3d 668 [2012]).
The finding that the mother neglected Anasia S. was supported by a preponderance of the evidence, which demonstrated that she knew that the child’s father was inflicting excessive corporal punishment on Anasia S., yet failed to take any steps to protect her (see Matter of louke H. [Terrence H.] 94 AD3d 889 [2012]).
Finally, the findings of derivative neglect as to the parents’ remaining children are supported by a preponderance of the evidence indicating the parents’ lack of understanding of their parental responsibility (see Matter of James S. [Kathleen SJ, 88 AD3d 1006 [2011]; Matter of Abigail G. [Barrington GJ, 84 AD3d 1235 [2011]; Matter of Derek J, 56 AD3d 558, 559 [2008]). Florio, J.E, Leventhal, Austin and Roman, JJ., concur.