■ In the Matter of NICOLE G., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LOUIS G., Respondent. (Proceeding No. 1.) In the Matter of DANIELLA G., an Infant. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LOUIS G., Respondent. (Proceeding No. 2.) [962 NYS2d 705]—

In two related child protective proceedings pursuant to Family Court Act article 10, the Rockland County Department of Social Services appeals from two orders of the Family Court, Rockland County (Eisenpress, J.) (one as to each child), both dated July 26, 2012, which, after a fact-finding hearing, denied the petitions and dismissed the proceedings.

Ordered that the orders are affirmed, without costs or disbursements.

A child's out-of-court statements may provide the basis for a finding of abuse if the statements are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123 [1987]; *Matter of Tristan R.*, 63 AD3d 1075, 1076 [2009]; *Matter of Candace S.*, 38 AD3d 786, 788 [2007]). The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated (*see Matter of Nicole V.*, 71 NY2d at 119; *Matter of Tristan R.*, 63 AD3d at 1076; *Matter of Candace S.*, 38 AD3d at 788), and its findings must be accorded deference on appeal where, as here, the Family Court is primarily confronted with issues of credibility (*see Matter of Jada K.E. [Richard D.E.]*, 96 AD3d 744, 745 [2012]; *Matter of Jeshaun R. [Ean R.]*, 85 AD3d 798, 799 [2011]; *Matter of Candace S.*, 38 AD3d at 787; *Matter of Sylvia J.*, 23 AD3d 560, 562 [2005]).

The Family Court properly found that the record as a whole did not support a finding that the father abused Nicole G. and

derivatively neglected Daniella G. because Nicole G.'s out-of-court statements regarding various incidents of the father's abusive conduct, made when she was 14 years old, were insufficiently corroborated by other evidence tending to support their reliability.

The witnesses' testimony at the fact-finding hearing established that Nicole G. divulged the same incidents to the social worker at her school, the investigating detective, and a child protective services caseworker, and a handwritten narrative by Nicole G. which conformed to these disclosures was admitted into evidence. However, Nicole G. adamantly refused to testify at the fact-finding hearing, even after being served with a subpoena. Although the witnesses essentially cross-corroborated each other's testimony, the petitioner was required to establish competent, nonhearsay, relevant evidence to reliably corroborate, or "validate," the out-of-court disclosures (see Matter of Jada K.E. [Richard D.E.], 96 AD3d at 745; Matter of Linda K., 132 AD2d 149, 157 [1987]).

The petitioner's expert in child sexual abuse who interviewed Nicole G. was unable to provide the requisite corroborating evidence. The expert failed to identify the generally accepted professional protocols adhered to in the mental health and medical communities and compare them to the protocol she employed. The expert opined that Nicole G.'s "behavior" and "affect" were consistent with that of a sexually abused child, but she did not render a professional opinion with a reasonable degree of certainty that it was likely the abuse occurred.

As the allegations of abuse were not established by a preponderance of the evidence, the Family Court did not err in denying the petitions and dismissing the proceedings. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.