■ In the Matter of JACOB P. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SASHA R., Appellant. (Appeal No. 1.) In the Matter of ELAINE W., Respondent, v KEITH W., SR., Respondent, SASHA R., Appellant, and WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Appeal No. 2.) [967 NYS2d 89]—

In related child custody and child protective proceedings pursuant to Family Court Act articles 6 and 10, the mother appeals, (1) as limited by her brief and a stipulation dated February 27, 2013, from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Schauer, J.), dated July 27, 2011, as, after a hearing, found that the mother had derivatively neglected the child Jacob P., and, (2) as limited by her brief, from so much of an order of the same court

dated September 15, 2011, as failed to provide her with visitation with the child Keith W.

Ordered that the order of fact-finding and disposition dated July 27, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 15, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006 [2012]; Matter of Yanni D. [Hope J.], 95 AD3d 1313 [2012]). Here, contrary to the mother's contentions, the Family Court's finding that she derivatively neglected the child Jacob P. is supported by a preponderance of the evidence. A caseworker and police officer testified at the fact-finding hearing that the mother admitted to them that she struck Jacob P.'s sibling, the child Keith W., several times with a belt, and as to their personal observations of Keith W.'s injuries (see Matter of Yanni D. [Hope J.], 95 AD3d at 1313; Matter of Adreanna M. [Kety M.], 95 AD3d 1213 [2012]; Matter of Delehia J. [Tameka J.], 93 AD3d 668 [2012]). Accordingly, the Family Court's determination that the mother derivatively neglected Jacob P., based upon her use of excessive corporal punishment upon Keith W., was supported by the record (see Family Ct Act § 1046 [a] [i]; Matter of Joseph O'D. [Denise O'D.], 102 AD3d 874, 875 [2013], lv denied 20 NY3d 863 [2013]; Matter of Yanni D. [Hope J.], 95 AD3d at 1313; Matter of Devontay M., 56 AD3d 561, 562 [2008]).

Absent extraordinary circumstances, such as where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges (see Matter of Zwillman v Kull, 90 AD3d 774, 775 [2011]; Pollack v Pollack, 56 AD3d 637 [2008]; Cervera v Bressler, 50 AD3d 837 [2008]; Twersky v Twersky, 103 AD2d 775 [1984]). Here, the Family Court improvidently exercised its discretion in failing to provide the mother with any visitation, either unsupervised or supervised, with Keith W., since there were no extraordinary circumstances justifying the denial of the mother's right to reasonable visitation (cf. Matter of Doherty v Doherty, 49 AD3d 641, 642 [2008]; see generally Pollack v Pollack, 56 AD3d at 637; Cervera v Bressler, 50 AD3d at 837). Accordingly, we remit the matter to the Family Court, Westchester County, for further proceedings

to determine whether the mother's visitation with Keith W. should be supervised or unsupervised, and to establish an appropriate visitation schedule. Skelos, J.P., Dillon, Dickerson and Chambers, JJ., concur.