■ In the Matter of JAHANI K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FELICIA K., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of AJAYI K., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FELICIA K., Appellant, et al., Respondent. (Proceeding No. 2.) [976 NYS2d 100]—

In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (Arias, J.), dated September 18, 2012, as, upon an order of fact-finding of the same court dated April 10, 2012, made after a hearing, finding that she had neglected the child Jahani K., placed the child Jahani K. in the custody of the New York City Administration for Children's Services until a permanency hearing could be conducted. The appeal from the order of disposition brings up for review the order of fact-finding.

Ordered that on the Court's own motion, the notice of appeal from the order of fact-finding dated April 10, 2012, is deemed to be a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child Jahani K. in the custody of the New York City Administration for Children's Services until a permanency hearing could be conducted is dismissed as academic, without costs or disbursements, since Jahani K. has been returned to the custody of the mother; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In connection with a fact-finding hearing conducted pursuant to Family Court Act article 10, any determination that the child is abused or neglected must be based on a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Nicole V.,* 71 NY2d 112, 117 [1987]; *Matter of Tammie Z.,* 66 NY2d 1 [1985]; *Matter of Dareth O.,* 304 AD2d 667, 668 [2003]).

Hearsay statements detailing physical abuse, when corroborated by any other evidence tending to support their reliability, may be the basis for a finding of abuse or neglect (*see Matter of Nicole V.,* 71 NY2d at 119; *Matter of Adreanna M. [Kety M.],* 95 AD3d 1213, 1214 [2012]; *Matter of Rachel H.,* 60 AD3d 1060, 1061 [2009]). The Family Court's assessment of the credibility of witnesses is entitled to considerable deference unless clearly unsupported by the record (*see Matter of Irene O.,* 38 NY2d 776 [1975]; *Matter of Adreanna M. [Kety M.],* 95 AD3d 1213 [2012]; *Matter of Sadiq H. [Karl H.],* 81 AD3d 647 [2011]; *Matter of Rachel H.,* 60 AD3d at 1061).

The Family Court's finding that the mother neglected the child Jahani K., based on excessive corporal punishment, was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Joseph O'D. [Denise O'D.],* 102 AD3d 874, 875 [2013]; *Matter of Yanni D. [Hope J.],* 95 AD3d 1313, 1314 [2012]; *Matter of Amerriah S. [Kadiatou Y.],* 100 AD3d 1006, 1007 [2012]; *Matter of Padmine M. [Sandra M.],* 84 AD3d 806, 807 [2011]; *Matter of Isaiah S.,* 63 AD3d 948 [2009]; *Matter of Derek J.,* 56 AD3d 558 [2008]). The evidence of excessive corporal punishment presented at the fact-finding hearing included the testimony of a caseworker who interviewed Jahani and observed welts and scars consistent with being hit by a cord or a belt, and the mother's testimony in which she admitted hitting Jahani with a belt, but claimed to do so for the purpose of disciplining him. In addition, Jahani's statements to the caseworker that the mother regularly hit him with a cord or belt were corroborated by the evidence (*see Matter of Nicole V.,* 71 NY2d at 119; *Matter of Adreanna M. [Kety M.],* 95 AD3d at 1214; *Matter of Rachel H.,* 60 AD3d at 1061).

Contrary to the mother's contentions, photographs of Jahani's

bruises taken by an agency caseworker, and certified hospital records of Jahani's medical examination following this incident, were properly admitted in evidence (*see* Family Ct Act § 1046 [a] [iv]).

The mother's remaining contentions are without merit. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.