In five related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Richmond County (Lim, J.), dated January 14, 2013, which, after a fact-finding hearing, found that she neglected the children Joseph S., Alysa S., and Mateo S., and derivatively neglected the children Anthony S. and Selena Y.
Ordered that the order of fact-finding is affirmed, without costs or disbursements.
Family Court Act § 1012 (f) (i) defines a “neglected child” as a child less than 18 years of age whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his or her parent or other person legally responsible for his or her care to *892 exercise a minimum degree of care in, inter alia, “providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment ... or by any other acts of a similarly serious nature requiring the aid of the court” (Family Ct Act § 1012 [f] [i] [B]). In a child protective proceeding, “[ujnsworn out-of-court statements of the [subject child] may be received and, if properly corroborated, will support a finding of abuse or neglect” (Matter of Nicole V., 71 NY2d 112, 117-118 [1987]; see Family Ct Act § 1046 [a] [vi]; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520 [2012]).
Here, a caseworker testified at the hearing that Joseph, then age eight, told her that he and his older brother Mateo had gotten into a fight, that Mateo threw a knife at him and, when their mother intervened, Mateo punched her and she punched him back and also punched Joseph during the incident. Two days after the incident, the caseworker observed a small bruise on Joseph’s thigh that he said was inflicted by Mateo, as well as scratches on his neck caused by Mateo choking him and a scar on his back inflicted by his oldest brother Anthony when Anthony hit him with a broom. Alysa, then age five, corroborated Joseph’s account of the violence in the home (see Matter of Nicole V., 71 NY2d at 118; Family Ct Act § 1046 [a] [vi]; Matter of Anthony S. [Dawn N.], 98 AD3d at 520), telling the caseworker that the older siblings frequently fought with each other and their mother, and that their mother would hit Anthony and Mateo back. Alysa also reported to the caseworker that she and Joseph were left home alone often or with their older siblings, and that they were afraid of the older siblings because they would hit, slap, or choke them. The caseworker also testified that Mateo told her that he had an argument with Joseph on the day on which the alleged physical altercation occurred and that their mother separated them.
The mother testified at the hearing, admitting that the older children, Anthony, Selena, and Mateo, frequently engage in physical altercations, and that one time she was running late and was not home when Alysa exited from the school bus. The mother also admitted that she broke up the fight at issue between Mateo and Joseph, but denied hitting either of them and denied that Joseph’s injuries were a result of the fight. The mother also denied that Mateo threw a knife during the incident and said that she had a knife at the time because she was making sandwiches. The mother also testified that the children were coerced or intimidated into lying to the caseworker, and that Joseph and Mateo rarely fight.
*893 Here, the out-of-court statements of siblings Alysa and Joseph to the caseworker were corroborated by the caseworker’s personal observations, the two children’s own cross-corroborating statements, confirmation of certain events by their older sister Selena and brother Mateo, and certain statements by the mother, and were properly considered by the Family Court (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d at 118; Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627 [2013]; Matter of Maria Daniella R. [Maria A.], 84 AD3d 1384, 1385 [2011]). Moreover, the Family Court determined that the mother’s strenuous assertions that Alysa and Joseph were never left home alone and never physically abused by their older siblings, and her insistence that the children must have been coerced or intimidated into reporting such matters lacked credibility. The court’s determination regarding the mother’s credibility is entitled to great deference on appeal (see Matter of Arique D. [Elizabeth A.], 111 AD3d at 627; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 745 [2012]; Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 799 [2011]; Matter of Candace S., 38 AD3d 786, 787 [2007]).
In addition to the finding that the mother failed to exercise a minimum degree of care in supplying Alysa and Joseph with proper supervision or guardianship {see Family Ct Act § 1012 [f] [i] [B]), the record likewise supports the Family Court’s finding that, during the altercation between Joseph and his older brother Mateo, Mateo punched the mother and she punched Mateo back. Thus, the Family Court’s determination that Alysa, Joseph, and Mateo were neglected, and that Anthony and Selena were derivatively neglected, is supported by the record.
The mother’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
Dillon, J.E, Dickerson, Cohen and Duffy, JJ., concur.