■ In the Matter of SINCLAIR P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR P., Appellant. [988 NYS2d 269]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) an amended order of fact-finding of the Family Court, Kings County (Gruebel, J.), dated April 8, 2013, which, after a hearing, found that he sexually abused the subject child, and (2), as limited by his brief, so much of an order of disposition of the same court dated June 7, 2013, as, upon the order of fact-finding, placed the child in the custody of the Administration for Children's Services until the completion of the next permanency hearing.

Ordered that the appeal from the amended order of fact-finding is dismissed, without costs or disbursements, as the amended order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's determination that the father sexually abused his daughter Sinclair P. is supported by a preponderance

of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Tammie Z.*, 66 NY2d 1 [1985]; *Matter of Candace S.*, 38 AD3d 786, 787-788 [2007]). In Family Court Act article 10 cases, the Family Court has "considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse" (*Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *see Matter of Candace S.*, 38 AD3d at 787). Here, where Sinclair's out-of-court statements were corroborated by the out-of-court statements of another child victim of the father (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Candace S.*, 38 AD3d at 786), Sinclair's statements were sufficiently corroborated to support the finding of sexual abuse. This evidence, together with the negative inference drawn from the father's failure to testify, was sufficient to support the Family Court's finding (*see Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874, 875 [2013]; *Matter of Alanah M. [Donnie M.]*, 96 AD3d 757, 758 [2012]).

The father's remaining contentions are without merit. Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.