◼ In the Matter of ANTHONY M.C. COMMISSIONER OF SOCIAL SERVICES, Respondent; PATRICK M.J., Appellant. (Proceeding No. 1.) In the Matter of JERMIAH C. COMMISSIONER OF SOCIAL SERVICES, Respondent; PATRICK M.J., Appellant. (Proceeding No. 2.) In the Matter of KAYLA C. COMMISSIONER OF SOCIAL SERVICES, Respondent; PATRICK M.J., Appellant. (Proceeding No. 3.)
[989 NYS2d 332]—

In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Rockland County (Warren, J.), dated June 13, 2013, which, after fact-finding and dispositional hearings, inter alia, found that he abused Anthony M.C. and derivatively neglected Jermiah C. and Kayla C.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, at the fact-finding hearing, the petitioner established by a preponderance of the evidence that the appellant sexually abused the child Anthony M.C. (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b]; *cf.* Penal Law art 130). Specifically, as the Family Court properly found, the testimony of the petitioner's expert witness, who was an expert in the field of child sexual abuse, provided sufficient corroboration to support the reliability of Anthony M.C.'s out-of-court statements regarding the appellant's sexual abuse of him (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 866-867 [2014]; *Matter of Emani W. [Owana E.]*, 107 AD3d 815, 816 [2013]). The appellant's contention that the expert's testimony was insufficient because the expert failed to consider the effect of Anthony M.C.'s developmental disability on the reliability of his statements is without merit. The Family Court has considerable discretion in deciding whether a child's out-of-court statements have been reliably corroborated (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Nicole V.*, 71 NY2d 112, 119 [1987]; *Matter of Alexis S. [Edward S.]*, 115 AD3d at 867; *Matter of Emani W. [Owana E.]*, 107 AD3d at 816). Here, the expert clearly stated the reasons for her conclusions, and the Family Court acted well within its discretion in concluding that the expert's testimony was adequate to establish the reliability of Anthony M.C.'s out-of-court statements (*see Matter of Christina F.*, 74 NY2d at 537). Additionally, the Family Court properly drew a negative inference against the appellant upon his failure to testify at the fact-finding hearing (*see Matter of Natalie T. [Roger T.]*, 104 AD3d 697, 698 [2013]).

The Family Court also properly found that the appellant's abuse of Anthony M.C. evinced a flawed understanding of his duties as a parent and impaired his parental judgment sufficiently to support a finding that the appellant derivatively neglected Jermiah C. and Kayla C. (*see Matter of Gloria M. [Kiladi M.]*, 96 AD3d 1060, 1061 [2012]). Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.