In the Matter of VICTORIA P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VICTOR P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of WILMA P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VICTOR P., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of ELIZABETH P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VICTOR P., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of IVAN G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; VICTOR P., Appellant, et al., Respondent. (Proceeding No. 4.) [994 NYS2d 409]—

In four related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Tally, J.), dated February 28, 2013, which, upon an order of fact-finding of the same court dated July 14, 2011, made after a hearing, finding, inter alia, that he abused the subject child Elizabeth P. and derivatively neglected the other subject children, and after a dispositional hearing, required him to complete a sex offender treatment program and limited him to supervised visitation with the subject children Victoria P., Elizabeth P., and Wilma P., at the discretion of the petitioner. The appeal from the order of disposition brings up for review the order of fact-finding.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A finding of abuse must be supported by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Liza O., 47 AD3d 632 [2008]). The Family Court's assessment of the credibility of witnesses is accorded deference and will not be disturbed unless clearly unsupported by the record (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of David T.-C.

*[Denise C.]*, 110 AD3d 1084, 1085 [2013]). Moreover, in Family Court Act article 10 cases, the Family Court has " 'considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Christina F.*, 74 NY2d 532, 536 [1989], quoting *Matter of Nicole V.*, 71 NY2d 112, 119 [1987]; *see Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 867 [2014]).

Here, the psychiatrist and child sexual abuse expert who treated Elizabeth during her hospitalization testified that Elizabeth displayed behaviors consistent with sexual abuse. Thus, Elizabeth's out-of-court statements were sufficiently corroborated to support the finding of sexual abuse (*see Matter of Nicole V.*, 71 NY2d at 121-122; *Matter of Alexis S. [Edward S.]*, 115 AD3d at 867; *Matter of Candace S.*, 38 AD3d 786, 787 [2007]; *Matter of Brittany K.*, 308 AD2d 585, 586 [2003]). Moreover, there is no basis in the record to disturb the Family Court's assessment of the witnesses' credibility (*see Matter of Joshua P. [David J.]*, 111 AD3d 836, 837-838 [2013]).

The father's acts demonstrated a fundamental defect in his understanding of his parental duties relating to the care of children and, thus, the findings of derivative neglect as to the other subject children were warranted (*see* Family Ct Act § 1046 [a] [i]; *Matter of Idhailia P. [Philip S.P.]*, 95 AD3d 1333, 1334-1335 [2012]).

" 'The paramount concern in a dispositional hearing is the best interests of the child. The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect' " (*Matter of Eric Z. [Guang Z.]*, 100 AD3d 646, 648 [2012], quoting *Matter of Lemar H.*, 23 AD3d 383, 384 [2005]). Here, the Family Court properly required the father to complete a sex offender treatment program (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 812 [2014]; *Matter of Enrique T. v Annamarie M.*, 15 AD3d 310 [2005]). Moreover, given the father's lack of insight into his actions and their effects on the children, the recommendations of the children's therapists and the agencies, and the reluctance of the children to visit with the father, even in a supervised setting, the Family Court's determination that supervised visitation at the discretion of the petitioner would be in the children's best interests has a sound and substantial basis in the record (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d at 812; *Matter of Janiyah T. [Lateek C.]*, 85 AD3d 1041, 1042 [2011]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.