In the Matter of JOSHUA J.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALQUIBER R., SR., Appellant. (Proceeding No. 1.) In the Matter of LUIS N.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALQUIBER R., SR., Appellant. (Proceeding No. 2.) In the Matter of ALQUIBER L.R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALQUIBER R., SR., Appellant. (Proceeding No. 3.) [7 NYS3d 577]—

Appeal from an order of fact-finding of the Family Court, Richmond County (Karen Wolff, J.), dated June 10, 2014. The order of fact-finding, after a hearing, found that Alquiber R., Sr., sexually abused the subject child Joshua J.P. and derivatively neglected the subject children Luis N.P. and Alquiber L.R.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to Alquiber R., Sr.'s contention, at the fact-finding hearing, the petitioner established by a preponderance of the evidence that he sexually abused the child Joshua J.P. (*see Matter of Victoria P. [Victor P.]*, 121 AD3d 1006 [2014]; *Matter of Anthony M.C. [Patrick M.J.]*, 119 AD3d 781, 782 [2014]; *Matter of Sinclair P. [Arthur P.]*, 119 AD3d 587 [2014]). The record supports the Family Court's determination that the testimony of the petitioner's child sexual abuse expert, who concluded that Joshua J.P. exhibited behavior indicative of sexual abuse, as well as the testimony of an Administration for Children's Services caseworker, sufficiently corroborated Joshua J.P.'s out-of-court statements of sexual abuse (*see Matter of Anthony M.C. [Patrick M.J.]*, 119 AD3d at 782; *Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 867 [2014]; *Matter of Emani W. [Owana E.]*, 107 AD3d 815, 816 [2013]; *Matter of Amber B.*, 39 AD3d 743, 744 [2007]; *Matter of Shavar B.*, 7 AD3d 619, 620 [2004]). Any inconsistencies in Joshua J.P.'s statements were insufficient to render the central details of his account unworthy of belief (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 811 [2014]; *Matter of Jasmine A.*, 18 AD3d 546, 548 [2005]).

The Family Court also properly found that Alquiber R., Sr.'s abuse of Joshua J.P. evinced a flawed understanding of his

duties as a parent and impaired his parental judgment sufficiently to support a finding that he derivatively neglected the children Luis N.P. and Alquiber L.R. (*see Matter of Victoria P. [Victor P.]*, 121 AD3d at 1007; *Matter of Anthony M.C. [Patrick M.J.]*, 119 AD3d at 782).

Alquiber R., Sr.'s remaining contentions are without merit.

Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.