■ In the Matter of ANGEL R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYHEID R., Appellant. (Proceeding No. 1.) In the Matter of FARRELLE J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYHEID R., Appellant. (Proceeding No. 2.) In the Matter of TARRELLE J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYHEID R., Appellant. (Proceeding No. 3.) In the Matter of SAFIRE J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYHEID R., Appellant. (Proceeding No. 4.) In the Matter of SONIA J. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; SYHEID R., Appellant. (Proceeding No. 5.) [26 NYS3d 318]—

Appeal from an order of fact-finding of the Family Court, Queens County (John M. Hunt, J.), dated February 9, 2015. The order, after a hearing, found that the appellant sexually abused the child Sonia J. and derivatively neglected the children Angel R., Farrelle J., Tarrelle J., and Safire J.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly found him to be a person legally responsible for the care of the children Sonia J., Farrelle J., Tarrelle J., and Safire J. within the meaning of the Family Court Act (*see* Family Ct Act § 1012 [g]; *Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1004-1006 [2015]; *Matter of Yolanda D.*, 88 NY2d 790, 795-797 [1996]; *Matter of Allyssa O. [Edward N.]*, 132 AD3d 768, 769 [2015]; *Matter of Tyler MM. [Stephanie NN.]*, 82 AD3d 1374, 1375 [2011]; *Matter of Dayquon G.*, 22 AD3d 431 [2005]).

The Family Court's finding that the appellant sexually abused the child Sonia J. is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; *cf.* Penal Law §§ 130.65 [3]; 130.52 [1]). The testimony of the petitioner's expert witness, who was an expert in the field of child sexual abuse, provided sufficient corroboration to support the reliability of Sonia J.'s out-of-court statements regarding the appellant's sexual abuse of her (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Jaclyn P.*, 86 NY2d 875, 878 [1995]; *Matter of Nicole V.*, 71 NY2d 112, 121 [1987]; *Matter of Anthony M.C. [Patrick M.J.]*, 119 AD3d 781, 782 [2014]; *Matter of Alexis S.*

*[Edward S.]*, 115 AD3d 866, 867 [2014]; *Matter of Emani W. [Owana E.]*, 107 AD3d 815, 816 [2013]). Furthermore, the record supports the court's finding that the appellant derivatively neglected the children Angel R., Farrelle J., Tarrelle J., and Safire J., as the appellant's sexual abuse of Sonia J. demonstrated a fundamental defect in his understanding of his duties as a person with legal responsibility for the care of children (*see Matter of Sha-Naya M.S.C. [Derrick C.]*, 130 AD3d 719, 721 [2015]; *Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]; *Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]; *Matter of Grant W. [Raphael A.]*, 67 AD3d 922 [2009]).

The appellant's remaining contentions, which concern two orders of disposition dated March 13, 2015, and March 20, 2015, respectively, are not properly before this Court, since he did not appeal from those orders (*see* CPLR 5515; *Matter of Tara C. [Sonia C.]*, 106 AD3d 735 [2013]; *Matter of Idhailia P. [Philip S.P.]*, 95 AD3d 1333, 1335 [2012]; *Matter of Jahmeiah S.-W.*, 21 AD3d 564, 565 [2005]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.