Matter of Ashley G. (Eggar T.) (2018 NY Slip Op 05468)





Matter of Ashley G. (Eggar T.)


2018 NY Slip Op 05468


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-11504
 (Docket Nos. N-20949-16, N-20950-16, N-20951-16, N-20952-16)

[*1]In the Matter of Ashley G. (Anonymous). Administration for Children's Services, petitioner- appellant; Eggar T. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Jason T. (Anonymous). Administration for Children's Services, petitioner- appellant; Eggar T. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 2)
In the Matter of Sharman S. (Anonymous). Administration for Children's Services, petitioner- appellant; Eggar T. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 3)
In the Matter of Amy G. (Anonymous). Administration for Children's Services, petitioner- appellant; Eggar T. (Anonymous), respondent- respondent, et al., respondent. (Proceeding No. 4)


Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Jessica Miller of counsel), for petitioner-appellant.
Cheryl Charles-Duval, Brooklyn, NY, for respondent-respondent.
The Legal Aid Society, New York, NY (Dawne Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In four related child neglect proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated November 9, 2017. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the subject children, denied the petitions and dismissed the proceedings insofar as asserted against the father.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2016, the petitioner commenced these related neglect proceedings against, among others, the father, alleging that the father neglected the child Amy G. by, inter alia, committing an act of sexual abuse upon her on July 20, 2014, derivatively neglected the children Sharman S., Ashley G., and Jason T. based upon the act of sexual abuse committed upon Amy G., neglected Sharman S. by inflicting excessive corporal punishment upon him on an unspecified date, and derivatively neglected the other three children based on the infliction of excessive corporal punishment upon Sharman S. After a fact-finding hearing, the Family Court found that the petitioner failed to establish that the father neglected or derivatively neglected the children, and denied the petitions and dismissed the proceedings insofar as asserted against the father. The petitioner appeals.
In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). To satisfy this burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118; Matter of Michael B. [Samantha B.], 130 AD3d 619, 620; Matter of Mateo S. [Robin Marie Y.], 118 AD3d 891, 892). " Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration'" (Matter of Zeeva M. [Abraham M.], 126 AD3d 799, 800, quoting Family Ct Act § 1046[a][vi]). "[T]he out-of-court statements of siblings may properly be used to cross-corroborate one another" (Matter of Tristan R., 63 AD3d 1075, 1076; see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627; Matter of Iouke H. [Terrence H.], 94 AD3d 889, 891). However, in order for a sibling's out-of-court statements to provide sufficient corroboration of the out-of-court statements of another sibling, they must describe similar incidents of abuse (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 799) or neglect (see Matter of Arique D. [Elizabeth A.], 111 AD3d at 627), and be independent from and consistent with the other sibling's out-of-court statement (see Matter of Michael B. [Samantha B.], 130 AD3d at 620). The Family Court has considerable discretion in deciding whether out-of-court statements made by children have been reliably corroborated and whether the record as a whole supports a finding of abuse or neglect (see Matter of Nicole V., 71 NY2d at 119; Matter of Alexander M. [Benjamin M.], 88 AD3d 794, 795; Matter of Joshua B., 28 AD3d 759). Moreover, where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal (see Matter of Cheryale B. [Michelle B.], 121 AD3d 976, 977; Matter of Alexis S. [Edward S.], 115 AD3d 866; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744).
Here, where Amy G., Sharman S., and Ashley G. all made out-of-court statements to a case worker, the Family Court properly determined that the record as a whole did not support a finding that the father sexually abused Amy G., used excessive corporal punishment upon Sharman S., or derivatively neglected any of the children. The out-of-court statements of Amy G. regarding the alleged sexual acts and the out-of-court statements of Sharman S. as to the alleged excessive corporal punishment were insufficiently corroborated by other evidence tending to support their reliability (see Matter of Nicole G. [Louis G.], 105 AD3d 956, 956). Specifically, the out-of court statements of Amy G. and Ashley G. were not sufficient to corroborate the out-of-court statements of Sharman S. as they did not provide any detailed description of the alleged excessive corporal punishment against Sharman S. Further, the out-of-court statements of Sharman S. and Ashley G., while generally referring to their observations of Amy G. screaming and crying, failed to provide any detail as to the alleged sexual abuse against Amy G. Thus, the out-of-court statements were insufficient to cross-corroborate each other (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798). In the absence of cross-corroboration of the out-of-court statements, the petitioner failed to present any nonhearsay, relevant evidence to reliably corroborate the out-of-court disclosures (see Matter of Nicole G. [Louis G.], 105 AD3d at 957; Matter of Jada K.E. [Richard D.E.], 96 AD3d at 745; Matter of Jeshaun R. [Ean R.], 85 AD3d at 800; Matter of Linda K., 132 AD2d 149, 157).
As the allegations of neglect and derivative neglect were not established by a preponderance of the evidence, the Family Court appropriately denied the petitions and dismissed the proceedings insofar as asserted against the father.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court