Matter of Nicholas G.A. v Lillian A. (2019 NY Slip Op 06853)





Matter of Nicholas G.A. v Lillian A.


2019 NY Slip Op 06853


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10017

[*1] In re Nicholas G. A., Petitioner-Respondent,
v
Lillian A., Respondent-Appellant.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (David W. Brown of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.



Order, Family Court, New York County (Carol Goldstein, J.), entered on or about January 17, 2019, which, after a fact-finding hearing, found that respondent sister had violated an order of protection in favor of petitioner brother by committing family offenses of harassment in the first and second degrees and menacing in the second degree, extended the order of protection for one year, and modified it to exclude the sister from their shared residence, unanimously modified, on the law, to strike the exclusion provision of the extended order of protection, and otherwise affirmed, without costs.
The Family Court's determination regarding the credibility of witnesses must be given great weight on appeal unless it is clearly unsupported by the record, because the court has the best vantage point for evaluating the credibility of the witnesses (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1006 [1st Dept 2014]; Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]). We find no basis to alter Family Court's determination.
While a one-year extension of the order of protection is appropriate to prevent a recurrence of the sister's behavior, under all the circumstances, good cause has not been shown to warrant an order excluding the sister from the apartment (Family Court Act § 842; see Matter of Ironelys A. v Jose A., 140 AD3d 473, 474 [1st Dept 2016], lv dismissed 28 NY3d 953 [2016]; see also Matter of Carmen L. v Rafael R., 163 AD3d 436, 437 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK