■ In the Matter of ANTHONY D. DAVIS, SR., Appellant, v ANTOINETTE DAVIS, Respondent. [697 NYS2d 155] —In a proceeding for visitation pursuant to Family Court Act article 6, the father appeals (1) from a fact-finding order of the Family Court, Westchester County (Cooney, J.), entered November 18, 1997, which found that it is not in the child's best interests to visit with his father, and (2), as limited by his brief, from so much of an order of the same court, entered November 20, 1997, as denied the petition.

Ordered that on the Court's own motion, the appellant's notice of appeal from the fact-finding order is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the fact-finding order and the order are affirmed, without costs or disbursements.

The petitioner father is currently incarcerated for, inter alia, raping and sodomizing 11-year-old Tanya L., the half-sister of Anthony, his now 7-year-old son with whom he is seeking visitation. The County Court issued an order of protection against the father to remain away from the respondent mother

and Tanya L. until April 11, 2013. We find that the Family Court's denial of the petition is supported by substantial evidence that visitation would not be in the best interests of Anthony (*see, Matter of Tamara H.,* 228 AD2d 598; *Matter of Teixeria v Teixeria,* 205 AD2d 545; *Matter of Simpson v Finnigan,* 202 AD2d 592).

Contrary to the father's contentions, the Family Court was not required to hold a full evidentiary hearing (*cf., Kresnicka v Kresnicka,* 48 AD2d 929) where, as here, the Family Court examined the mother in the presence of the father's attorney and possessed sufficient information to render an informed determination that was consistent with the child's best interests (*see, Matter of Vangas v Ladas,* 259 AD2d 755; *Matter of Goldman v Paredes,* 258 AD2d 524). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.