■ In the Matter of CHANEL MONIQUE L. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC P., Appellant. (Proceeding No. 1.) In the Matter of JASMINE J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC P., Appellant. (Proceeding No. 2.) In the Matter of TIANNA J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC P., Appellant. (Proceeding No. 3.) In the Matter of TAJAHE J. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ERIC P., Appellant. (Proceeding No. 4.) [816 NYS2d 556]—In four related child protective proceedings pursuant to Family Court Act article 10, the father, Eric P., appeals, (1) from an order of the Family Court, Suffolk County (Freundlich, J.), entered April 28, 2005, which, after a hearing, directed that an order of protection be issued preventing him from having any physical contact with the child Chanel Monique L. until her 18th birthday, and (2), as limited by his brief, from so much of an or-

der of the same court entered April 29, 2005, as, after a hearing, directed that an order of protection be issued preventing him from having any contact with the children Jasmine J., Tianna J., and Tajahe J., until each child's 18th birthday.

Ordered that the order entered April 28, 2005 is affirmed, without costs or disbursements; and it is further,

Ordered that the order entered April 29, 2005 is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contentions, the Family Court properly directed the issuance of orders of protection preventing the father from having any contact with the subject children until each child's 18th birthday (see Family Ct Act § 1056 [4]). Furthermore, the Family Court possessed sufficient information to render an informed decision in the best interests of the child Chanel Monique L. without conducting a separate hearing for that child (see Melnitzky v Melnitzky, 278 AD2d 2 [2000]; Matter of Davis v Davis, 265 AD2d 552 [1999]). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.