In four related neglect proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Kings County (Turbow, J.), dated December 5, 2011, as, after a dispositional hearing, in effect, denied his application for therapeutic visitation with the subject children. Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements. The Family Court properly exercised its discretion in determining that therapeutic visitation between the father and the children was not warranted. The issue of visitation was fully litigated during the dispositional hearing, thereby providing the Family Court with sufficient information to render an informed determination that was consistent with the children’s best interests (see Matter of Amir J.-L., 57 AD3d 669 [2008]; Matter of Davis v Davis, 265 AD2d 552, 553 [1999]). There was ample evidence to support the determination that contact with the father would be detrimental to the *543 children (see Matter of Giannoulakis v Kounalis, 97 AD3d 748, 749 [2012]). We reject the father’s contention that the Family Court erred in denying his request to adjourn the date scheduled for his testimony at the dispositional hearing. “ ‘[A]n application for a continuance or adjournment is addressed to the sound discretion of the trial court, and the grant or denial thereof will be upheld on appellate review if the trial court providently exercised its discretion’ ” (Matter of Winfield v Gammons, 105 AD3d 753, 754 [2013], quoting Nieves v Tomonska, 306 AD2d 332, 332 [2003]). The father’s absence on November 3, 2011, was unreasonable given that this date had been set and agreed to approximately three months earlier. Furthermore, the court had admonished the father’s counsel several months in advance that if the father did not appear on the date scheduled for his testimony, the hearing would proceed to summations. The father’s remaining contention is without merit. Rivera, J.R, Skelos, Chambers and Austin, JJ., concur.