█ In the Matter of ALEXIS A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RICHARD V., Appellant. (Proceeding No. 1.) In the Matter of SAMANTHA A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RICHARD V., Appellant. (Proceeding No. 2.) [38 NYS3d 432]—

Appeals by Richard V. from two orders of protection of the Family Court, Kings County (Beckoff, J.) (one as to each child), both dated July 6, 2015. The orders of protection, after a hearing, directed Richard V., inter alia, to stay away from each child until their respective 18th birthdays, in 2023, as to the child Alexis A., and in 2022, as to the child Samantha A.

Ordered that the orders of protection are modified, on the law, by deleting the provisions thereof directing that, with respect to Alexis A., the order of protection shall remain in force until and including her 18th birthday, in 2023, and, with respect to Samantha A., the order of protection shall remain in force until and including her 18th birthday, in 2022, and substituting therefor a provision directing that each order of protection shall remain in effect through July 5, 2016; as so modified, the orders of protection are affirmed, without costs or disbursements.

In these related proceedings pursuant to Family Court Act article 10, the Family Court issued orders of protection against the appellant, directing him, inter alia, to stay away from Alexis A. and Samantha A. until each of these children reached her 18th birthday. Alexis and Samantha are not related to the

appellant by blood or marriage. However, they are members of the same household as the appellant's biological son, Christopher.

The appellant is correct that, under the plain language of Family Court Act § 1056 (1) and (4), the Family Court was not authorized to direct that the subject orders of protection remain in effect until Alexis and Samantha each reached the age of 18, because the appellant is related by blood to Christopher, a member of the household wherein Alexis and Samantha reside (*see* Family Ct Act § 1056 [1], [4]; *Matter of Sheena D.*, 8 NY3d 136 [2007]; *Matter of Andrew Y.*, 44 AD3d 1063, 1064-1065 [2007]). Accordingly, the orders of protection should have been in place for "the duration of the article 10 dispositional order to which [they] relate[ ]" or through July 5, 2016, in this case (*Matter of Collin H.*, 28 AD3d 806, 809 [2006]; *see Matter of Kole HH. [Thomas HH.]*, 84 AD3d 1518, 1520 [2011]; *Matter of Candace S.*, 38 AD3d 786, 788 [2007]; *cf. Matter of Chanel Monique L.*, 30 AD3d 424, 425 [2006]). Rivera, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.