In the Matter of NEVAEH T., a Child Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Re-

spondent; ABREANNA T., Respondent; WILBERT J., III, Appellant. (Appeal No. 1.) [56 NYS3d 757]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered April 9, 2015 in a proceeding pursuant to Family Court Act article 10. The order directed respondent Wilbert J., III, to stay away from the subject child until the child is 18 years old.

It is hereby ordered that the order so appealed from is unanimously modified on the law by deleting the expiration date of the order of protection and substituting therefor an expiration date of March 26, 2015, and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced these neglect proceedings against Wilbert J., III (respondent) and respondent mother alleging, inter alia, that respondent neglected the two children who are the subject of these proceedings and are the mother's children. The mother admitted that she neglected the children, and orders were issued granting her an adjournment in contemplation of dismissal, with expiration dates of March 26, 2015. The petitions against respondent proceeded to a hearing, after which Family Court issued an order finding that respondent was a parent substitute who was responsible for the children's care and finding that he neglected the children. After a dispositional hearing, the court issued orders of protection in favor of the children until their 18th birthdays.

We note at the outset that, although respondent failed to file a timely notice of appeal with respect to the order of fact-finding, he appealed from the combined dispositional/orders of protection (see Matter of Dylynn V. [Bradley W.], 136 AD3d 1160, 1161 [2016]), which bring up for review the propriety of the fact-finding order (see Matter of Bradley M.M. [Michael M.—Cindy M.], 98 AD3d 1257, 1258 [2012]). Contrary to respondent's contention, however, the court properly found that he was a person legally responsible for the care of the children (see Matter of Angel R. [Syheid R.], 136 AD3d 1041, 1041 [2016], lv dismissed 27 NY3d 1045 [2016]; Matter of Donell S. [Donell S.], 72 AD3d 1611, 1611-1612 [2010], lv denied 15 NY3d 705 [2010]; see generally Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004-1005 [2015]). The testimony at the hearing established that respondent was at the mother's residence on at least a regular basis, if not actually living there.

We agree with respondent that the court erred in issuing

orders of protection that did not expire until the children's 18th birthdays. Pursuant to Family Court Act § 1056 (1), the court may issue an order of protection in an article 10 proceeding, but such order of protection shall expire no later than the expiration date of "such other order made under this part, except as provided in subdivision four of this section." Subdivision (4) allows a court to issue an order of protection until a child's 18th birthday, but only against a person "who was a member of the child's household or a person legally responsible . . . , and who is no longer a member of such household at the time of the disposition and who is not related by blood or marriage to the child or a member of the child's household." Here, respondent was found to be a person legally responsible for the children and, at the time of the dispositional hearing, he no longer lived with the mother. He is also not related by blood or marriage to the children, but he is related to a member of their household. Petitioner's caseworker testified at the dispositional hearing that respondent was the father of the mother's recently-born child, who lived in the mother's home. Subdivision (4) is therefore inapplicable on its face (*see Matter of Alexis A. [Richard V.]*, 143 AD3d 700, 701 [2016]). Inasmuch as the only other dispositional orders issued with respect to the children at the time the court issued the orders of protection had expiration dates of March 26, 2015, we modify the orders of protection issued in these proceedings to expire on that same date.

We have considered respondent's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.