Matter of Clarissa F. (Carrie W.) (2024 NY Slip Op 02644)

Matter of Clarissa F. (Carrie W.)

2024 NY Slip Op 02644

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

341 CAF 22-01956

[*1]IN THE MATTER OF CLARISSA F., WILLIAM F., ELAINA F., AND AYLA O. ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CARRIE W., RESPONDENT-APPELLANT.

MARY WHITESIDE, NORTH HOLLYWOOD, CALIFORNIA, FOR RESPONDENT-APPELLANT.
ALLISON B. CARROW, COUNTY ATTORNEY, BELMONT, FOR PETITIONER-RESPONDENT.
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD.
DAVID J. PAJAK, ALDEN, ATTORNEY FOR THE CHILD.
MINDY L. MARRANCA, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Allegany County (Terrence M. Parker, J.), entered November 2, 2022, in a proceeding pursuant to Family Court Act article 10. The order placed the subject children with respondent and placed respondent under the supervision of petitioner for a period of one year. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by deleting the expiration date of the order of protection and substituting therefor the expiration date of October 31, 2023, and as modified the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, although now expired, brings up for review the underlying fact-finding order in which Family Court found that the mother neglected the subject children (see Matter of Justice H.M. [Julia S.], 225 AD3d 1298, 1298 [4th Dept 2024]).
We reject the mother's contention that petitioner failed to establish by a preponderance of the evidence that she neglected the children. Petitioner adduced ample evidence that the mother was aware that the children were in imminent danger from her boyfriend and that she failed to exercise a minimum degree of care in providing them with supervision (see Matter of Derrick C., 52 AD3d 1325, 1326 [4th Dept 2008], lv denied 11 NY3d 705 [2008]). Even amidst the proceedings, the mother permitted the boyfriend to return to her home in violation of a temporary order of protection and continued to dismiss the children's allegations and side with the boyfriend.
However, as the mother contends and as petitioner correctly concedes, the duration of the October 31, 2022 order of protection is unlawful. "Family Court Act § 1056 (1) prohibits the issuance of an order of protection that exceeds the duration of any other dispositional order in the case" (Matter of Sheena D., 8 NY3d 136, 140 [2007]) except as provided in Family Court Act § 1056 (4). "Subdivision (4) allows a court to issue an order of protection until a child's 18th birthday, but only against a person 'who was a member of the child's household or a person legally responsible . . . , and who is no longer a member of such household at the time of the disposition and who is not related by blood or marriage to the child or a member of the child's household' " (Matter of Nevaeh T. [Abreanna T.—Wilbert J.], 151 AD3d 1766, 1768 [4th Dept [*2]2017]). Inasmuch as the mother's boyfriend is the biological father of one of the children and inasmuch as the children resided in the same household with the mother at the time of the disposition, subdivision (4) is inapplicable, and the duration of the order of protection, which exceeded the duration of the dispositional order in this case, is thus unlawful. We therefore modify the order of protection to expire on the same date as the dispositional order (see id.).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court